## BARBARA M. CALVIT v. JAMES MCFADDEN.

The measure of damages on breach of a contract to deliver chattels, where the purchase money has been paid, is the highest price at any time between the time appointed for delivery and the day of trial, and interest from the time appointed for delivery.

Where the defendant sold to the plaintiff, and undertook to deliver to him at a certain time and place, a certain number of cattle, and failed, it was held that the increase of the cattle was not to be estimated in computing the damages.

The damages which a party may recover on the breach of a contract, are those which are incidental to, and caused by the breach, and may reasonably be supposed to have entered into the contemplation of the parties at the time of the contract.

Where there was a contract simply for the sale and delivery of a certain number of cattle, it was held that the purchaser, in an action for a breach of the contract, was not entitled to recover damages in consideration of expenses incurred by him in procuring a place and building pens for the cattle and cabins for the herders.

Appeal from Brazoria. This was an action to recover damages for the breach of a contract to deliver cattle. The price had been paid in advance; and the question was as to the measure of damages which the plaintiff was entitled to recover for the refusal to deliver according to contract. The Court ruled that the plaintiff was entitled to recover, not only the highest market value of the cattle up to the time of the trial, but also the value of their natural increase, and for improvements made and labor expended in view of his purchase, in procuring a place and building pens for the cattle, and cabins for the herders.

*J. W. Harris*, for appellant.

*P. McGreal*, for appellee.

WHEELER, J. There is nothing in this case to take it out

of the ordinary rules which regulate the measure of damages for the breach of contracts for the delivery of chattels. The general rule is well settled, that in a suit by the vendee for the breach of the contract to deliver, where no money has been advanced, the measure of damages is the value of the article at the time and place of delivery. But what the rule should be in a case like the present, where the contract has been partially executed by the payment of the price in advance, and whether it should be different from the case where nothing has been paid, and the contract is wholly executory, is, it must be admitted, debatable, owing to the great diversity of opinions and decisions on the question. In England a distinction has been generally maintained, between the case where the price of the article has been paid in advance, and where it has not; and in the former case it is held that the vendee is not confined to the value of the article on the day when it should have been delivered, but, if he bring his suit within a reasonable time, may recover according to the highest price at any time between the time appointed for delivery and the day of trial. And this was the rule adopted, upon much consideration, by the the Supreme Court of New York in the case of Clark v. Pinny. (7 Cowen R. 681.) But in other States such a distinction has been denied, and the decisions are conflicting. (Sedgw. on Meas. Dam. Ch. 10.) In Randon v. Barton (4 Tex. R. 289,) this Court recognized the distinction, and adopted the English rule, as enforced by the Supreme Court of New York in the case of Clark v. Pinny. And, with the utmost deference for the great name which has been so confidently invoked in opposition to the rule, (2 Kent Com. 480, n. 6th edit.) we are not convinced that there is reason to depart from it. To the opinion of the learned commentator, there is opposed not only the authority of the English decisions and the decisions in his own State, but the equally revered name and authority of Chief Justice Marshall. (3 Wheat. R. 200.)

If it be assumed that the vendee, who has expended his money by paying in advance for his purchase, will not have

thereby diminished his ability to go at once into the market and supply himself with the article, upon equally advantageous terms, and that he will have sustained no injury by being deprived at once of his money and his bargain, then there may be justice and reason in holding that the measure of his damages should be the same, whether he has paid for the article in advance or not. But if the contrary be the more natural and reasonable supposition,—and that it is we think there will be little difference of opinion,—we think we may well adhere to the distinction and the rule adopted in Randon v. Barton; and the more especially in a case like the present, where property of the description of that contracted to be delivered, is not supposed to be so abundant in the market, as that the vendee may, without inconvenience, expense and loss of time, replace his purchase. We think that rule, as applied to a case like the present, is more likely to attain the substantial justice of the case, than the rule contended for on behalf of the appellant.

. But the plaintiff was not entitled to recover the value of the increase of the cattle. That belonged to the owner, and the defendant had not parted with the title. There was no delivery, actual or constructive, to pass and vest the title in the plaintiff, and consequently, the cattle remained the property of the defendant and at her risk; and their produce or increase belonged to her, and could not enter into the computation in assessing the damages for the breach of her contract. The case put by counsel for the appellee, of an animal pawned, proceeds upon the same principle; the pawner is the owner of the animal, and hence its young belongs to him. But there can be no pretence to say that the plaintiff in this case had acquired ownership of the property, and the defendant was a pawnee.

Nor was the plaintiff entitled to recover, as damages consequent upon the breach of the contract, for expenses incurred in making inclosures and improvements, in view of the uses he designed to make of his purchase. The difficulty, if not

the impossibility of laying down any precise and definite rule of general application, in respect to what may be recovered as consequential damages, is shown by Mr. Sedgewick, in his review of the cases upon this subject, in his treatise upon the Measure of Damages. He quotes the language of the Supreme Court of Louisiana that, "the damages which a party "may recover on the breach of a contract, are those which are "incidental to, and caused by, the breach, and may reasonably "be supposed to have entered into the contemplation of the "parties at the time of the contract." (13 La. R. 404.) And this, he concludes, is perhaps the clearest and most definite line that can be drawn in respect to such damages. (Sedgw. on Meas. Dam. 67.) As respects the present case, it seems clear that to have entitled the plaintiff to recover for the labor and expense incurred in making inclosures, &c., it must have been proved that they were lost to him; for if not, and he had other use for them, it is plain he cannot have sustained the damage which would have resulted from their loss. And to apply the rule of the Louisiana Court, which seems free from objection, it must have appeared also that the loss was incidental to, and caused by, the breach of the contract, and was such as may reasonably be supposed to have entered into the contemplation of the parties contracting. It does not however appear that the expenses in question were necessarily incurred in consequence of the contract; that the incurring of them entered into the contemplation of the parties in making it, or that they were lost to the plaintiff by reason of its breach, and it is clear, therefore, that the plaintiff was not entitled to recover them as damages consequent upon the breach of the contract.

It is insisted for the appellee, that the plaintiff was entitled to recover the value of the increase of the cattle, by reason of the alleged subsequent express contract to that effect. It was certainly competent for the parties to have so contracted. But we do not think the conversations, detailed in evidence, intended, or meant to be understood as making, such a contract.

It seems rather to have been a loose conversation than a deli-berate agreement. But if it was the latter, it could only give the right to claim the increase for the period specified, which, it seems, was but a few days, and would be scarcely susceptible of computation or proof. The references made upon the subject of exemplary damages have no application to this case. We see nothing in the conduct of the parties calling for espe-cial animadversion. There certainly appears to have been perfect fairness on the part of the plaintiff, and it as certainly appears that the defendant has broken her contract. But there is nothing to distinguish this from other cases, which unfortunately are of too frequent occurrence in the business affairs of men, of the wilful violation of contracts.

We are of opinion that the just measure of the plaintiff's damages was the highest market value of cattle, of the num-ber and description of those contracted for, at any time between the time appointed for their delivery and the day of the trial; that he cannot recover more. The judgment is therefore re-versed and the cause remanded.

Reversed and remanded.