Rachael Brasher, Administratrix v. Izaah Davidson.

Where, in consideration of a tract of land sold, the defendant gave his note for four thousand pounds of picked cotton, which he failed to pay, the measure of damages was the highest market value of the cotton from the maturity of the note until the day of trial. (Paschal's Dig., Note 283, p. 144.)

Appeal from Panola. The case was tried before Hon. M. D. Ector, one of the district judges.

The contract which was the foundation of the action was in these words:

"By the first day of November, eighteen hundred and

sixty-four, I promise to pay to J. P. Dickson or bearer four bales of (two thousand lbs.) picked cotton, for value received in land this 21st day of July, A. D. 1863.

his<br>"IZAAH + DAVIDSON."<br>mark.

The plaintiffs obtained judgment against the defendant for the value of the cotton at five cents per pound, being the value 1st November, 1864, the time fixed for the delivery in the instrument, which amounted to $89 50, also a decree to sell the land described in the bond for the payment of the judgment.

The plaintiffs offered to prove the highest market value of the cotton at the place of delivery between the time fixed by the contract and the time of trial, which evidence was excluded as irrelevant and immaterial. It was afterwards proved that the cotton was worth, on the 1st November, 1864, the sum of five cents per pound, and it was admitted on the trial that, if permitted, plaintiff could have proved by the witness offered that the cotton, between the time of delivery and the institution of this suit, was at least twenty-five cents, and also between the time for the delivery and trial at least twenty-five cents, but the court held this to be immaterial.

*A. W. DeBerry*, for appellant.—The only question in this cause is as to the measure of damages. The appellants respectfully submit that this was an action on a contract, for the delivery of chattels, for which the price had been paid in advance, and that the measure of damages is the highest price of cotton at any time between the time appointed for the delivery and the day of trial, and interest from the time appointed for delivery. (Calvit v. McFaddin, 13 Tex., 324.)

*Drury Field*, for the appellee.—I. Sedgwick on the

Measure of Damages, 240 and 241.  The authority cited holds the following language:  "Certainly only the value in money of the article in which payment might have been made, as the measure of damages in covenant, consists in the value to the covenantee of the thing required to be performed at the time of the breach."

II. In the discussion of the question involved in this cause it must be kept in mind that the defendant in error did not sell J. P. Dickson the cotton, but gave his obligation to pay four bales of cotton on the 1st day of November, 1864.  Hence the case cited by counsel for plaintiffs in error is not applicable to this case, because in that case there was an absolute sale of a certain number of cattle, and the purchase-money paid to the vendor when the contract was made, and thereupon the property vested in the purchaser on the payment of the price agreed upon; and a failure to deliver them by the vendor subjected him to pay the vendee the highest market value of the cattle from the time of the breach to the date of judgment.

Morrill, C. J.—On the 21st July, 1863, one Dickson sold and conveyed to Davidson a certain tract of land, in consideration of two thousand pounds of cotton, to be paid to J. P. Dickson on the 1st day of November, 1864.

Failing to deliver the cotton, the legal representative of Dickson, who had died, brought suit to recover the value of the cotton, and the only question presented for our decision is, whether the defendant was liable to pay the value of the cotton at the time appointed for the delivery thereof, or the highest price between that time and the judgment. Defendant does not deny having received the land sold, and, although the land was conveyed by a bond for title instead of a deed, as he made no objection to the conveyance, and relies upon and holds the consideration of the cotton, he has become liable for the payment of the value of the cotton, upon the same principle as if money had

been advanced, instead of land, for the payment of the cotton.

It is not an open question in this court that a party who fails to deliver a specific article, for which he has received payment in advance, is liable to pay the highest market value thereof from the breach of contract to the day of trial in court.

This was the principle decided by this court in 1849, and reported in the case of Randon v. Barton, 4 Tex., 289, and reaffirmed in 1855 in the case of Calvit v. McFaddin, 13 Tex., 324.

As the court erred in deciding that the party was liable for the value of the cotton at the time of the maturity of the note the judgment will be reversed, and cause

REMANDED.