WILLIAM R. POAG ET AL. v. JOHN K. WILLIAMS.

Where the statement of facts is so imperfect that there is no doubt that material facts are omitted the verdict will never be disturbed, unless it be apparent from the record that some vital point in the controversy has been erroneously decided. (Paschal's Dig., Arts. 1490, 1581, Notes 582, 613.)

Where such facts as can be gleaned from the record leave no doubt that justice has been done, the verdict will not be disturbed.

APPEAL from Panola. The case was tried before Hon. CHARLES A. FRAZER, one of the district judges.

The suit was to cancel the constable's deeds spoken of in the opinion. The imperfect statement of facts and the view taken by the court below seem to establish that Poag, as attorney of record, controlled the execution; that it was first levied on a negro, and the defendant gave the usual replevin bond; that, without forfeiting that bond, (the negro having been returned to the possession of the de-

xxxi—13

fendant,) another execution was issued and levied upon the land, and stress was laid upon the fact that the defendant in the execution pointed out the property; that Poag purchased the land for $5 50, which was one-hundredth part of its value, which amount the defendant in execution tendered back; that the other defendants purchased under execution against Poag, but with knowledge that they would have a law-suit. This much is apparent from the pleadings. The charge of the judge did not give effect to the irregularities, but pointed them out, and left to the jury the gross inadequacy of the consideration and the irregularity of the execution, as well as the fact whether or not the plaintiff did point out his land to the constable, among other things. The judgments and executions seemed to have been lost. The great point was, whether the plaintiff was entitled equitably to be relieved of such a sale of his property. The jury found that he was. The court overruled the motion for a new trial, which presented all the questions of law and fact, and the defendants appealed.

*Martin & Casey*, for appellants, gave a full history of the record, &c. They insisted that Poag was not affected by the irregularities of the execution. (Sydnor v. Roberts, 13 Tex., 598; Coffee v. Silvan, 15 Tex., 354.)

*W. Stedman*, for appellee.

Lindsay, J.—The statement of facts in this case is certainly very imperfect, as is manifest from the transcript itself. In the statement frequent reference to papers and the indorsements upon them is made, which purport to have been read to the jury on the trial, and yet they are not copied into the record, so as to enable this court to determine upon their legal effect, and to ascertain their legitimacy as evidence in the cause. Hence, it is impossible for this court to revise the finding of the jury and determine upon its correctness or incorrectness.

The uncertainty about the precise nature of the testimony introduced before the jury, and the imperfectness in its presentation, so glaringly obvious to the court from the transcript, will always be a sufficient ground to leave the verdict in the court below undisturbed, unless it should be apparent from the record that some vital point in the controversy has been erroneously decided by the court. In this case we cannot perceive any such ruling of the court prejudicing the rights of the appellants. On the contrary, so far as we can catch partial glimpses of the merits of the contest from the imperfect statement furnished, we are much inclined to the conviction that justice has been dispensed in the verdict and judgment appealed from.

We learn this much from the record: that a judgment was obtained in a justice's court for $33 against the appellee; that execution was issued thereon, levied by a constable upon a negro boy belonging to the appellee; a delivery bond executed by him. A month and three days after the issuance of the first execution a second execution, issued upon the same judgment, and not upon the judgment of forfeiture on the delivery bond, as the statute requires, was levied upon about three hundred acres of land belonging to appellee, without his knowledge or consent, while he was absent from home; was sold by the constable, and one of the appellants became the purchaser for a sum a few cents in excess of $5; that a little over a month after this sale one of the appellants procured in some way an execution to issue against the purchasing appellant, had it levied upon the land as his property, and had it sold by a constable, and he and the third appellant became the purchasers for some forty-odd dollars. Against this combination the appellee sought to cancel the deeds acquired under these purchases and to quiet his title. From what we do see in the transcript before us we think the jury and the court below arrived at a just conclusion, and we will not disturb the judgment. It is

Affirmed.