## G. W. CARTWRIGHT v. J. J. McCOOK.

1. On contracts for the delivery of specific chattels, the general rule of damages for non-delivery, when the price was not paid in advance, is the market value of the goods at the time and place when and where the delivery should have been made.

2. But if the vendor received the price in advance and failed to deliver the articles, the vendee may recover the highest price of the goods at the place where the delivery should have been made, at any time between the day stipulated for the delivery and the day of the trial.

ERROR from Sabine.   Tried below before the Hon. J. B. Williamson.

The facts are stated in the opinion.

No brief for the plaintiff in error has reached the Reporter.

*F. B. Sexton*, for the defendant in error.

WALKER, J.—This was an action brought on a promissory note for $400 11, which by its terms was to be paid by the delivery of four hundred bushels of corn at the town of Milam. The note appears to have been executed and delivered by Cartwright to McCook in consideration of a wagon and team of oxen, which McCook sold and delivered to Cartwright (except one ox—Brandy by name) at the time of the execution of the note. Some controversy as to the delivery of the ox Brandy appears in the record, but the facts have been twice passed upon by a jury, and as we think, under proper instructions from the court, and we must regard them as correctly settled by these verdicts. The only question for our examination is, did the court charge the law correctly. There is perhaps no discrepancy in the elementary authorities upon the rule governing the measure of damages in such cases.

On contracts for the delivery of specific chattels, the general rule of damages for non-delivery is the market value of the goods at the time and place when and where delivery is promised, but this is when the price is not paid in advance; but if the vendor has received the price in advance, the vendee may recover the highest price of the goods, at the place where delivery should have been made, at any time between the day of delivery and the day of trial. (See 2 Greenleaf's Evidence, § 261; Sedgwick on Damages, chapter 10; 4 Texas Reports, Randon v. Bartow, 289, and authorities therein cited.) We are asked to affirm the judgment of the district court, with damages, and we admit that it requires some charity to believe that the plaintiff in error might have supposed himself entitled to a reversal of the judgment. But we will affirm the judgment with costs in this court and the court below.

Affirmed.