50 99
78 545

## HUNT & MANNING v. B. W. REILLY.

1. VIOLATION OF ARTICLES OF PARTNERSHIP.—An action lies for damages suffered by one party from a violation of articles of partnership by other parties to the partnership; and such liability is not discharged by the fact that the violation was occasioned by a suit and the issuance of an injunction against the parties from whose failure the damages resulted.
2. PRACTICE—AUDITOR.—An auditor should be applied for promptly, and a necessity therefor should appear in the pleadings. It is not error to refuse an application for an auditor, made when the case has

been called, when the suit had been pending for two years and the pleadings showed no facts requiring the aid of an auditor.

3. DAMAGES.—Profits of the business are properly to be considered in estimating such damages.

4. DAMAGES.—See facts held insufficient to support a judgment for the amount rendered.

APPEAL from Smith. Tried below before the Hon. M. H. Bonner.

May 22, 1871, H. C. Hunt and H. C. Manning, editors and proprietors of the *National Index* newspaper and job office at Tyler, Texas, formed a partnership with B. W. Reilly, publisher. By the terms of the partnership Hunt and Manning were to "furnish all the necessary material for the publication of said newspaper and for job work of the office for one year from this date," damages from loss by fire excepted. Reilly was to publish and mail the newspaper and do all the job work of the office, &c., for the term. Hunt and Manning were to take half the proceeds, and Reilly the other half. A clerk was to be employed and the money to be divided weekly. The contract contained full details for the management of the business.

About two months after the formation of the partnership, July 18, 1871, the presses, type, material, &c., of the office were seized by judicial process, in a suit by G. W. Whitmore against S. D. Wood and said Hunt and Manning, as defendants. This put an end to the business of the partnership.

April 12, 1874, Reilly brought suit in the District Court of Smith county against Hunt and Manning, alleging the contract of partnership, its breach by Hunt and Manning, and damages therefrom.

The defendants pleaded that the business was not stopped by their voluntary act, but by the suit of Whitmore; that defendants proposed obtaining other material for the business, but that Reilly voluntarily left the town and rendered them no aid in the further publication of the paper, when again commenced.

The case was continued for several terms of the court.

September 16, 1876, the defendants asked that an auditor be appointed to state the partnership account between the parties.

At same term the cause was submitted to the court without a jury, and on September 20, 1876, the district judge, in a written opinion, rendered judgment for plaintiff for $1,010 and costs. Motion for new trial was overruled and defendants appealed.

The facts in evidence sufficiently appear in the opinion.

*W. H. Herndon*, for appellants.

I. There was, by the terms of the articles of agreement introduced in evidence and described in the petition, a copartnership entered into between appellants and appellee on the 22d of May, 1871, for the period of one year. (Bradshaw *v.* Apperson, 36 Tex., 138.)

II. It is submitted that the partnership was dissolved by the injunction and seizure of the *Index* office and property on the 18th of July, 1871, which rendered it impracticable and impossible to carry on the business longer. (Werner *v.* Leisen, 31 Wis., 169; Carroll *v.* Evans, 27 Tex., 262; Story on Part., 6th ed., secs. 290–294, 311, 312, 319, and footnotes; Renton *v.* Chaplain, 9 N. J. Eq., (1 Stock.,) 62.)

III. The copartnership being dissolved by legal process of 18th July, 1871, and there being unsettled accounts in favor of the firm and liabilities against it, an auditor should have been appointed by the court, when applied for by appellants, to have taken an account of the partnership effects and liabilities and made his report, the refusal of which was error. (Whitaker *v.* Bledsoe, 34 Tex., 402.)

IV. After dissolution of partnership, the partners became tenants in common as to the partnership property, and neither has the right to sell the interest of the other in such property, unless by special agreement or to pay partnership debts. (Hogendobler *v.* Lyon, 12 Kan., 276; 38 Tex., 225; 42 Tex., 38.)

For rule for settlement of partnership affairs, see Lusk *v.* Graham, 21 La. Ann., 159; Chambers *v.* Crook, 42 Ala., 171; and the familiar elementary principles found in our reports and in Story on Partnership.

V. If the positions assumed be correct, then the appellee could not recover damages for a breach of the articles of co-partnership, such as for services per month during the time of partnership, much less afterwards; nor for loss of time, or for expenses of house rent, &c. The remedy of appellee was against his partners for an accounting, and if they were indebted to him, to recover from it, to wind up the business, dispose of the assets, and divide the profits or share the losses, if any.

In no event could he recover speculative, remote, or consequential damages. (Sedg. on Dam., p. 104, note 2, and pp. 105, 106, and notes, with cases cited; 2 Pars. on Cont., 455, *et seq.*, and foot-notes; Ashby *v.* White, Smith's Lead. Cas., 266; Dale *v.* Grant, 34 N. J. L., p. 142.)

*Jones & Henry*, for appellee.—One partner may maintain an action against another for breach of articles, and the damages may include profits which would have accrued from conducting partnership business. (1 Pars. on Cont., 6th ed., p. 194; Bagley *v.* Smith, 10 N. Y., 489; 13 Am. Rep., 438; Griffin *v.* Colver, 16 N. Y., 489; Hadley *v.* Baxendale, 9 Exch., 341; Sedg. on Meas. of Dam., 5th ed., p. 77, note 1, and note 1 to p. 100.)

We submit, that the record shows there was a clear breach of contract by the appellants, to. the damage of appellee, and that the evidence shows he was entitled to recover much higher damages than were awarded him by the judgment of the court.

GOULD, ASSOCIATE JUSTICE. — This suit was brought by Reilly to recover of Hunt and Manning damages for an alleged breach of an agreement, the legal effect of which

agreement was a partnership between the three, in the publication of a newspaper, for twelve months from May 22, 1871, Hunt and Manning, on their part, agreeing to furnish everything in the way of materials; Reilly to do or furnish at his own expense all the work; the proceeds, after paying a book-keeper, to be equally divided between Reilly on the one side and Hunt and Manning on the other. The publication was carried on under the agreement from May 22 to July 18, 1871, when the press and materials were seized and placed in the hands of a receiver, at the suit of one Whitmore, instituted against Hunt and Manning and one Woods, but not against Reilly, the defendants in said suit being enjoined from further use of said press and materials.

Appellants claim that the legal effect of the injunction was to dissolve the partnership; that they were not liable to plaintiff for any damages resulting from this forced dissolution; and that his only remedy was to have a settlement of the partnership. The answer to this claim is, that, having entered into the agreement, the appellants are responsible in damages, and are not excused by the fact that a third party procured against them an injunction which prevented them from doing what they had contracted to do; and that for a violation of partnership articles an action for damages may be maintained without going into a settlement of the partnership accounts. (Story on Part., sec. 281; Coll. on Part., secs. 245, 246.)

But even if the defendants were entitled to have an account stated of the partnership affairs, they failed to take any steps for the enforcement of their right in time. Their application for the appointment of an auditor was made when the case was called for trial, after the suit had been pending over two years, and was unsupported by any answer or evidence showing the necessity therefor. Under these circumstances the court did not err in overruling the application.

The plaintiff claimed and the court allowed damages for

profits lost by the breach of the agreement. The ruling of the court on this point is supported by authority, and was, we think, correct. (1 Pars. on Cont., 6th ed., p. 194.)

It appears by bill of exceptions that the court allowed the plaintiff's own depositions to be read, over the objection of defendants, giving his estimate or opinion of the amount of profits thus lost to him. In this, we think, the court erred. (1 Greenl. on Ev., sec. 440; Giles *v.* O'Toole, 4 Barb., 264.) The case seems to come within the general rule which excludes mere opinions as evidence.

But this case was tried without a jury, and the court, in signing the bill of exceptions to the admission of this evidence, says that, in estimating the profits lost, the testimony of witness A. F. Hunt was taken as the basis, referring to the written opinion delivered by the court and appearing in the record, from which it appears that the court allowed plaintiff $150 per month as profits lost. Beyond the evidence given by plaintiff himself and by Hunt, there is no other evidence tending to support the conclusion as to amount of profits reached by the court. The purport of Hunt's testimony is, that from May 22 to July 18 he was the book-keeper and collector of the concern; that during that period there was a balance of unpaid accounts, the plaintiff's half of which amounted to $308; that he could not state what the cash receipts were, but they were small. If this $308 were all cash, and the evidence is that some, at least, of it was uncollectible, it would not justify the conclusion that the plaintiff's profits during that period were $150 per month. The plaintiff himself testified to monthly expenses for one printer, two apprentices, and extra help, not counting his own work, amounting to $100 per month. Certainly these expenses must be deducted from the plaintiff's share of the proceeds in arriving at his profits, and, after making that deduction, it is impossible to arrive at $150 per month as his profits from Hunt's testimony, or, indeed, from any other testimony in the case, except the opinion or estimate of the plaintiff.

Whether we look to the opinion of the court or confine our-selves to the statement of facts, we, in each case, reach the conclusion that the judgment is excessive. If, however, the $150 per month allowed by the court as profits be reduced one-half, we have $75; which is the amount Reilly testifies he would have earned monthly as a printer. During four months he was unable to procure employment, and was dam-aged to the extent of the wages which he was prevented from earning, making $300. The court allowed him, also, under the evidence, $150 for expenses in procuring other employ-ment. These sums, with interest, would amount to $606, and for that sum we think that the evidence, legally admit-ted, authorized a judgment. As a jury was waived and the cause submitted to the court, we might render here such judgment as the court below should have rendered. But if the plaintiff's testimony as to profits had been excluded, he might, perhaps, have adduced other evidence as to their amount. Under the circumstances, we think him still enti-tled to that opportunity, if he desires it. The judgment of the court will accordingly be withheld, to allow appellee to enter, if he sees fit to do so, a remittitur of $404, with interest from September 20, 1876, the date of the judgment. If such remittitur be entered, the judgment will be reversed and reformed in accordance with this opinion, the costs of this court being adjudged against appellee. If no such re-mittitur be entered, the judgment will be reversed and the cause remanded. (See Bracken v. Neill, 15 Tex., 115.)

[The remittitur was filed.]

REVERSED AND REFORMED.

[Justice BONNER did not sit in this case.]