## WACO WATER CO. v. SANFORD, JOHNSON & CO.

### (No. 1089, Op. Book No. 3, p. 786.)

APPEAL from McLennan County.   Opinion by WINK-
LER, J.

§ **193.** *Damages; measure of, in breach of contract.*
The general rule is, with regard to damages for a breach
of contract, that where there does not appear to have
been a wilful wrong or gross negligence, remuneration is
restricted to the immediate consequences of the wrongful
act.   [Sedgw. on Dam. 82 et seq.; Calvit v. McFaddin,
13 Tex. 324; De La Zerda v. Korn, 25 Tex. Sup. 188.]

§ **194.** *Contract of partnership; breach of; damages.*
In a suit for damages for breach of a partnership con-
tract, the profits of the business are properly to be con-
sidered in estimating the damages.   [1 Parsons on Con.
(6th ed.) p. 194; Hunt v. Reilly, 50 Tex. 99.]

§ **195.** *Damages recoverable.*   It is a familiar general
rule that damages, to be recovered, must be the natural
and proximate consequences of the act complained of.
[Brandon v. Manuf'g Co. 51 Tex. 121.]

§ **196.** *Evidence; parol not admissible to contradict or
vary written contract.*   It is an established rule of evidence
that parol contemporaneous evidence is inadmissible to
contradict or vary the terms of a valid written instrument.
[Phil. & Am. on Ev. 753; 2 Stark. Ev. 544; 1 Greenl. Ev.
§ 275.]   Where parties have deliberately put their agree-
ment in writing, in such terms as impose a legal obliga-
tion, without any uncertainty as to the object or extent
of such engagement, it is conclusively presumed that the
whole engagement of the parties, and the extent and
measure of their undertaking, was reduced to writing;
and all oral testimony of a previous colloquium between
the parties, or of conversations or declarations at the
time when it was completed, or afterwards, as it would
tend, in many instances, to substitute a new and differ-
ent contract for the one which was really agreed upon,

to the prejudice, possibly, of one of the parties, is rejected. The writing, when executed, becomes the repository of the final intention of the parties.

Reversed and remanded.