## L. & H. BLUM v. MARTINDALE & SHULTZ.

(No. 1638, Op. Book No. 2, p. 395.)

1 w 637
§ 1127
16a 413
2 w 398
2 w 613
3 w 195

APPEAL from Williamson County. Opinion by QUINAN, J.

§ 1127. *Damages; measure of, in conversion of property; erroneous charge.* Appellees sued appellants for damages occasioned by the seizure, under appellants' attachment against one Stenbick, of a lot of flour. The flour belonged to appellees, but was in Stenbick's possession when seized, and while in possession of the officer under the levy was destroyed by fire. The judge charged the jury as follows: "Plaintiffs are entitled to recover the value of the flour . . . and eight per cent. interest from the date of the attachment, and such actual damage as they had sustained by reason of said attachment, and they are also entitled to the benefit of any appreciation or advance in the price of the flour since said attachment." *Held*, there were no circum-

stances of fraud, malice or aggravation in the case. In such case the measure of damages was the value of the flour at the time of the levy of the attachment, to be determined by the market price, and interest thereon at legal rate to the time of trial. [Weaver v. Ashcroft, 50 Tex. 427; 2 Sedgwick on Dam. 389.] The cases of Calvit v. McFaddin, 13 Tex. 324, and Heilbroner v. Douglass, 45 Tex. 402, were unlike this case. They were suits to recover damages for the non-delivery of specific articles at an agreed time, which were exceptional in their character and justified the application of a different rule. The charge of the court was erroneous, and it must be assumed that the jury obeyed the instructions of the court, and it cannot be said from the evidence in this case that the verdict was not the result of this erroneous charge. Where the charge is wrong it must appear manifestly that the verdict was not influenced by it, or the verdict will be set aside [Chandler v. Fulton, 10 Tex. 2; 1 Cal. 352.]

June 8, 1881.          .          Reversed and remanded.