## NANCY B. HARDIN v. NANCY L. ABBEY ET AL.

### (Case No. 1095.)

1. TRIAL WITHOUT JURY — CONCLUSIONS OF LAW AND FACT — ASSIGNMENT OF ERROR.— In cases tried without a jury, a party desiring to appeal should avail himself of the statute requiring the judge, when requested, to state in writing his conclusions of fact and law; the object of that statute being to enable the appellant to point out in his assignment of errors the precise points on which the case was decided.

2. SAME — FUNDAMENTAL ERROR.— When the assignment of error is too general, the court may nevertheless take notice of fundamental errors, apparent of record.

3. FAILURE OF PART CONSIDERATION — CANCELLATION — SPECIFIC PERFORMANCE. D., under a power of attorney from Mrs. Abbey, administratrix of her husband's estate and survivor of the community, conveyed a tract of one thousand three hundred and sixty-eight acres of land to A., the attorney of H., the consideration being the satisfaction of a judgment for a community debt in favor of H. against Mrs. Abbey, and an agreement signed by A. to reconvey three hundred and sixty-eight acres, an average of the one thousand three hundred and sixty-eight, to Mrs. Abbey and D. A. conveyed a specific one thousand acres of the tract to H., and afterwards disposed of the remaining three hundred and sixty-eight acres to innocent purchasers. Mrs. Abbey, joined by the children of her deceased husband, sued for the entire one thousand three hundred and sixty-eight acres, and in the alternative for specific performance as to the three hundred and sixty-eight acres. *Held —*

(1) That a decree which in legal effect cancelled the conveyance, giving the plaintiffs the one thousand acres of land, and yet left H.'s judgment satisfied, and his rights, or (he being dead) the rights of his executrix and devisees, unprotected, was inequitable and erroneous.

(2) That the proper decree was to give Mrs. Abbey, who had acquired D.'s interest, three hundred and sixty-eight acres out of the one thousand conveyed to H., the three hundred and sixty-eight to be taken according to quantity and quality of the whole one thousand three hundred and sixty-eight.

APPEAL from Kaufman. Tried below before the Hon. Green J. Clark.

Suit in September, 1880, by Mrs. N. L. Abbey, joined by some of the heirs of her deceased husband, against R. E. Hardin, E. P. Anderson and others, seeking to recover one thousand three hundred and sixty-eight acres of land, or in the alternative, specific performance of an agreement to convey three hundred and sixty-eight acres of the one thousand three hundred and sixty-eight. The petition sets out a power of attorney from Mrs. Abbey to Jack Davis, dated April 17, 1875, empowering him "to bargain, sell and convey on such terms and conditions as he may deem proper and to my interest and behoof, all my right, title, interest and claim whatsoever in and to one thousand three hundred and sixty-eight acres of land," the land in controversy; also empowering him "to pay off my debt or debts reduced to judgment in the district court of Hood county, whether the same is against me as administratrix of the estate

of said J. W. Abbey, or against me individually." It alleges that on May 20, 1875, Davis, pretending to act under said power, undertook to convey to E. P. Anderson, the agent and attorney of R. E. Hardin, the entire one thousand three hundred and sixty-eight acres, the consideration being the satisfaction of a judgment of the district court of Hood county against Mrs. Abbey, administratrix, and the obligation of Anderson to reconvey to Mrs. Abbey and Davis "three hundred and sixty-eight or four hundred and sixty-eight acres" of the one thousand three hundred and sixty-eight, "said amount to be determined by the quality of the land;" also that Mrs. Abbey owned whatever interest Davis acquired under this obligation; that at the time of the execution of this power of attorney, Mrs. Abbey was the owner of one-half of the one thousand three hundred and sixty-eight acres, and her co-plaintiffs were the owners of one-fourth; and that, subsequent to the date and delivery of said power, Mrs. Abbey became the owner of the other one-fourth. It denies that the power of attorney authorized Davis "to sell, barter and convey the whole or any part of said land," and alleges the failure of Anderson and the other defendants to comply with the obligation to reconvey, and that the consideration of the conveyance by Davis had failed. In a separate count there were general averments of ownership and ouster as in trespass to try title. The prayer was "for judgment for the restitution of said tract of land, and that said premises and agreements made, executed and delivered by E. P. Anderson to Jack Davis and N. L. Abbey as aforesaid may be specifically performed, and for their damages, costs of suit, and for all such other and further relief as they may be entitled to in law and equity."

The special answer of defendant contained the allegation that the judgment recovered by R. E. Hardin in the district court of Hood county was for a community debt of Abbey and wife, and that the land conveyed was property of the community; that Anderson, Hardin's attorney, and Davis, Mrs. Abbey's attorney, settled the judgment by the conveyance of the one thousand three hundred and sixty-eight acres to Anderson, who subsequently conveyed by deed duly recorded one thousand of the one thousand three hundred and sixty-eight acres to Hardin. It denied any knowledge of Anderson's obligation to reconvey three hundred and sixty-eight acres, and set up the laches of plaintiff as against their claim for specific performance. Gray, one of the defendants, and Nash, an intervenor, claimed three hundred and sixty-eight acres of the land as innocent purchasers from Anderson.

The evidence was that the judgment in Hood county was on a note signed by J. W. Abbey, and that the one thousand three hundred and sixty-eight acres of land was the community property of J. W. Abbey and wife, Nancy L. Abbey. The deed from Davis to Anderson recites that it is made " in consideration of a judgment in the district court of Hood county, satisfied against N. L. Abbey, administratrix of the estate of J. W. Abbey, deceased, and for the further consideration of two hundred acres of land conveyed by E. P. Anderson to N. L. Abbey." The evidence of Anderson and of Davis shows that the two hundred acres referred to was a part of the three hundred and sixty-eight or four hundred and sixty-eight acres to be reconveyed, and the specification of the quantity in that way is explained by Davis thus: that if Mrs. Abbey was willing to take land of less than the average of the entire tract, the reconveyance was to be of four hundred and sixty-eight acres, otherwise of three hundred and sixty-eight. The deed from Anderson to Hardin conveyed a specific one thousand acres of the one thousand three hundred and sixty-eight acre tract; was made March 8, 1877, and recorded in December, 1877. Anderson testified that Davis was to procure the deed to him to be signed by all the heirs of Abbey, but did not do so. That the quality of the land was not as represented. For these and other reasons he did not reconvey the three hundred and sixty-eight acres, but felt authorized to sell it. Much of the evidence is omitted, as not bearing on the questions noticed in the opinion.

Before the trial the death of Hardin was suggested, and his widow, being also the executrix of his will, joined by his heirs, became parties defendant.

The court trying the case without a jury, rendered judgment for plaintiffs against Mrs. Hardin, Anderson, and the heirs of Hardin, for the one thousand acres of land conveyed to Hardin by Anderson; and in favor of Gray and Nash for the three hundred and sixty-eight acres purchased by them of Anderson. From this judgment Mrs. Hardin appealed.

*Grubbs & Morrow*, for appellant

*Smith & Word*, for appellees.

I. Nancy B. Hardin having failed to insist upon her demurrer in the lower court, this court will treat it as waived. Nancy B. Hardin filed a general demurrer only to plaintiffs' petition. No action of the lower court was had upon this. Rules of Supreme Court, 26;

Mims *v.* Mitchell, 1 Tex., 443; Jones *v.* Black, id., 527; Sayles' Practice, § 473.

II. Plaintiffs' first amended original petition presented a cause of action entitling them to the relief sought and obtained. The first count in plaintiffs' petition set forth defendant's title to the land, and at the same time attacked it. It also set out the contract sought to be enforced. The second count was in the usual form of a petition in suits of trespass to try title. Each count contained all necessary allegations to render it complete within itself, and each presented a good cause of action. The object sought was alternative relief. The prayer was both special and general. Rules of Supreme Court, 24, 25, 26 and 27; Atchison *v.* Hutchison, 51 Tex., 232; 28 Tex., 107; 37 Tex., 85; id., 233; Rules of Supreme Court, 4; 46 Tex., 421; 45 Tex., 440; id., 415; 22 Tex., 626; 44 Tex., 649; 29 Tex., 360; 52 Tex., 266.

III. Plaintiffs being ignorant of the disposition made of the land by Jack Davis, cannot be said to have ratified the same, and cannot be charged with laches in repudiating his unauthorized acts in reference thereto. Plaintiff N. L. Abbey knew nothing of the disposition made of the land by Jack Davis until a short time before the institution of this suit. The other plaintiffs refused to join in the execution of the power of attorney, and knew nothing of its being executed by N. L. Abbey. The deed from Jack Davis to N. L. Abbey was executed but a few days before the institution of this suit, and was intended to prevent the necessity of his being made a party to the same. Nancy B. Hardin is in no condition to claim that she is an innocent purchaser. Commercial Bank *v.* Jones, 18 Tex., 811; Vincent *v.* Rather, 31 Tex., 77; Reese *v.* Medlock, 27 Tex., 120; Smith *v.* Sublett, 28 Tex., 163; Story on Agency, § 78.

BONNER, ASSOCIATE JUSTICE.—The first assigned error — that the court erred in overruling the general and special demurrers of appellant Hardin — is not well taken in fact, as the record fails to show any judgment of the court thereon.

The second and fourth assigned errors are not insisted upon in the brief of counsel and will be considered as waived.

The third and remaining error is as follows: "The court erred in rendering judgment against defendant Nancy B. Hardin and in favor of plaintiffs."

The objection is made to this assignment that it fails to point out the particulars wherein the judgment is not supported by the record.

The case is one in which a jury was waived, and the questions, both of law and fact, submitted to the judge.

The difficulty growing out of an assignment of error so general as not to point out the particular matter complained of has long been felt, and repeated decisions of the appellate courts made upon the subject.

As an embodiment of these decisions, and as far as possible to correct the evil, the present rules 24, 25 and 26 of this court were adopted. 47 Tex., 602. These rules were intended more particularly to apply to cases tried before a jury, in which ordinarily the record would affirmatively show the rulings of the court upon the demurrers, the admission or rejection of testimony, and the questions arising upon the general charge and special charges given or refused.

Under article V, section 10, constitution of 1876, causes could be decided by the judge alone, unless a jury was demanded. Soon thereafter in some, if not all the judicial districts, the practice prevailed to thus submit many cases upon all the issues tendered by both parties, and upon all the testimony tending to prove these issues; and the judge, upon the whole case as thus made, deduced his conclusions of law and fact and thereupon rendered his judgment.

In such cases the record often failed to show that any distinct ruling was made upon the demurrers or questions of evidence, and there being no jury, it could not show any questions of law arising upon charges given or refused by which the views of the court would be indicated. It necessarily followed that the party who appealed from the judgment could not, as a general rule, make as distinct an assignment of errors as when the case was tried before a jury. To meet this difficulty, rule 27 was adopted by this court, which required the assignment of errors in such cases to be as specific as practicable. 47 Tex., 602.

It was found by experience, however, that the above practice in the district court, though it very much facilitated the dispatch of business, did not prove satisfactory in those cases in which it was desired to take an appeal. If the presiding judge did not see proper to place the grounds of his decision upon the record, the party moving for a new trial could not, unless at his peril, omit to set up and negative every ground upon which, under the issues, judgment may have been found against him; and on appeal, both counsel and the court might be required to laboriously investigate every possible phase of the case under which the district judge may have found against appellant, when perhaps his decision was

based upon a single issue only. This led to the passage of the act of 1879, by which the judge, upon request of either party, was required to "state in writing the conclusions of fact found by him separately from the conclusions of law; which conclusions of fact and law shall be filed with the clerk and constitute part of the record." R. S., art. 1333. Under this statute, we think the correct practice is, that the party who desires to appeal from the decision of the judge should make this request under the statute as a predicate for a specific assignment of errors; and that though the trial shall have been by the judge alone, the same rules shall nevertheless govern, which in other cases require that a specific assignment shall be made; the court having the right, in its discretion, as under rule 24, to inquire into fundamental errors apparent of record, as though no assignment had been attempted.

Former rule 27 will be amended so as to adopt the above practice, but as a different one has prevailed, the amendment will not apply to causes tried prior to January 1, 1882. 47 Tex., 614, 640.

The assignment here complained of is wholly insufficient for want of certainty under the old rules of practice, and does not, as required by rule 27, attempt with any particularity to specify the grounds of error relied upon, and the objection to it is well taken. This would lead to an affirmance of the judgment unless there is some fundamental error apparent of record.

The pleadings of the parties do not seem fully to present all their respective equities or pray for the full relief to which they might be entitled. We are of opinion, however, from an inspection of the record, that the decree of the court below does not properly adjust the rights of the parties necessarily arising from the pleadings as presented.

The plaintiffs seek relief upon the ground that the land sued for was originally the community property of plaintiff Mrs. Nancy L. Abbey and her deceased husband, J. W. Abbey; and that the sale made of it through Davis, her agent and attorney in fact, though in satisfaction of a community debt, should be set aside, because Anderson, to whom the sale was made, and who was the agent and attorney of Mrs. Hardin, defendant, failed, as he had undertaken to do, to reconvey three hundred and sixty-eight acres of the land.

The sale seems to have been made in good faith in payment of a judgment due Mrs. Hardin by the community of Mrs. Abbey and her deceased husband, and should not, under the circumstances, and

after so long delay, have been set aside without also protecting the rights of Mrs. Hardin.

A court of equity should not dispense justice by halves, but, as far as possible, all the rights of the parties which are necessarily involved in the suit should be adjusted. Lumpkin v. Murrell, 46 Tex., 51.

Mrs. Hardin's rights were not protected either by setting aside the sale upon condition of the payment of the amount due upon her judgment, or by making other provision for its payment. Although the legal effect of the judgment is to cancel the sale under which Mrs. Hardin claims title, yet the payment of her judgment, through this sale, is not also cancelled. Black v. Rockmore, 50 Tex., 99.

Neither did the decree adjust the amount of the credit which should be allowed on this judgment by reason of the sale by Anderson of this three hundred and sixty-eight acres, which, under the decree, was lost to Mrs. Abbey, so that Mrs. Hardin could, without another suit, proceed to collect the remainder of her judgment.

Under the circumstances of the case as disclosed by the record, all that plaintiffs could equitably demand would be, not that they recover the whole one thousand acres held by Mrs. Hardin, but only three hundred and sixty-eight acres thereof, according to quantity and quality of the whole one thousand three hundred and sixty-eight survey, being the amount agreed to be reconveyed by Anderson.

We are therefore of opinion that the judgment below, as between the plaintiffs and Mrs. Hardin, should be reversed and so reformed as to give plaintiffs the above proportion of the one thousand acres, and that this branch of the case be remanded for the purpose of a partition upon this basis; that the plaintiffs shall be discharged from the monied judgment in favor of Mrs. Hardin against Mrs. Abbey, and that Mrs. Hardin be quieted in her title to the remainder of said one thousand acres. That Mrs. Hardin pay the costs of the court below; that plaintiffs pay the costs of this appeal; and that the costs of partition be paid by the parties plaintiff and Mrs. Hardin, in proportion to their respective interests.

It is proper to add that though not set up in the pleadings, there is some testimony from which it might be inferred that the land was sold under an order of the district court of Hood county, sitting as a court of probate, made against Mrs. Abbey as administratrix, and was bid in by Anderson at a nominal price. There is, however, no satisfactory evidence either that such order was ever

made, or if made, that Mrs. Abbey, the purported administratrix, was at the time acting as such.

Judgment reversed, reformed and remanded in accordance with this opinion.

                    REVERSED, REFORMED AND REMANDED.

[Opinion delivered November 22, 1881.