Opinion by
Will-son, J.

(Transferred from Austin.)

§ 403. Petition in suit against carrier for delay in delivering goods; held sufficient on general demurrer; case stated. Appellee was a photographer at San Antonio. *352 He desired to transfer his business temporarily to Brackett. He shipped his “outfit” on appellant’s road to be transported to Stafford Junction, distant ten miles from Brackett. From San Antonio to Stafford Junction was about one hundred and fifty miles. The shipment was made September 1, 1883, and it was appellee’s desire to have his “ outfit ” at Brackett, ready for business, on the third day of that month. There' were troops stationed at or near Brackett, and the time selected by appellee to open his business there was the “ pay day ” of the troops, which continued about six days. During this time appellee expected to make large profits in his business; having on previous ‘c pay days ” there realized large profits in said business. His ‘ ‘ outfit ” did not reach Stafford Junction until the 6th of the month, and a portion of it, some tent poles, of the value of $25, did not reach there at all. In consequence of this delay and loss, he was prevented from opening his business at Brackett until the 16th of the month, when “payday” had expired. Such is substantially appellee’s case as alleged in his petition. He claimed as damages the value of the articles lost, and $600 loss of profits during “pay day” for six days. General demurrer and special exceptions to the petition were overruled, and appellee recovered judgment for $525. Held: There was no error in overruling the general demurrer. Unquestionably the facts alleged in the petition show a good cause of action.
§ 404. Same; bad as to damages claimed, on special exception; measure of damage against carrier for delay, where goods are not intended for, the market. One of the special exceptions to the petition was, that the damages claimed were too remote. This exception should have been sustained as to the damages claimed for loss of profits. When goods are not intended for sale in the market of destination, but are intended to serve some specific purpose of the owner, in the absence of special circumstances which may make the carrier liable for some special loss, or for the expense which the owner *353 may be put to, by his negligent delay, the carrier can be held liable only for the inconvenience to which the owner had been put by being deprived of the use of his property during the time of the delay; which must be determined as a question of fact by the jury, by ascertaining from the evidence the value of its use, the criterion of which would be 'its rental value during the delay. [Hutchinson on Carriers, § 776; W. & W. Con. Rep. § 206.]
§ 405. Loss of profits cannot be allowed as damage, unless, etc. “Loss of profits in a business cannot be allowed as damage, unless the data of estimation are so definite and certain that they can be ascertained reasonably by calculation, and then the party in'fault must have had notice, either from the nature of the contract, or by explanation of the circumstances, at the time the contract was made, that such damages would ensue from non-performance.” Meld on Dam. §,385; De La Zerda v. Korn, 25 Tex. Sup. 188; Calvit v. McFaddin, 13 Tex. 324; R. R. Co. v. Ragsdale, 46 Miss. 458.] In this case, no special circumstances are alleged in the petition which would entitle appellee to other damages than those authorized by the general rule stated in the preceding section; that is, the rental value of his “outfit” during the delay. It is not alleged .that appellant, at the time of receiving the goods for transportation, or at any time, had notice of the particular purpose of their shipment; or of the particular necessity or advantage to appellee of' their delivery at Stafford Junction at a certain date; or' that appellee would suffer any special damage by delay. As presented by the petition, the case is an ordinary one of the breach of a contract to transport and deliver goods within a reasonable time, and the measure of damage is the rental value of the goods during the delay, they not being goods intended for market. Loss of profits, and especially of such uncertain character as those claimed, to ascertain which there are no definite data from which to form an estimate, are not allowable upon the state of facts alleged in the petition.
*354 October 22, 1884.
§ 406. Challenge to array of jurors. It was not error to overrule appellant’s challenge to the array of jurors. Such a challenge can only be entertained upon the ground that the officer who summoned the jury has acted corruptly, and has wilfully summoned jurors known to be prejudiced against the party challenging, or biased in favor of the adverse party. [R. S. art. 3074.] No such ground was relied upon in this case. The provisions of the statute relating to the summoning and formation of juries in civil cases are merely directory, and a substantial compliance therewith is all that is required.
§ 407. Evidence of damages not recoverable; error to admit. It was error to permit appellee to testify as to the amount of profits he had realized in his business during previous “pay days ” at Brackett. Such evidence was too remote to have any legitimate bearing upon the issues in the case. It did not tend to prove any damage that was recoverable under the allegations in the petition.
§ 408. Charge of court; should instruct as to measure of damage. The charge was erroneous. It left the jury at liberty to award the full amount of damages claimed ■ in the petition, without instructing as to the proper rule by which to estimate damages in the case. [W. & W. Con. Rep. §§ 446, 1148.]
Reversed and remanded.