## JOHNSON v. MILLER.

(Court of Civil Appeals of Texas. Amarillo. Jan. 31, 1914.)

1. COURTS (§ 39*)—INSTRUCTIONS—PLEADING —FRAUD.

In an action by a buyer for the purchase price and damages, on the seller's failure to perform, where the damages alleged were only $96, and the purchase price, which had been deposited in a bank, was $144, where there was a plea in abatement that the county court did not have jurisdiction because the attempt to recover the $144 was fraudulently included to bring the case within the jurisdiction of the court, it was necessary to submit the question of fraud to the jury, and it was not enough to merely instruct that, if defendant had not received the deposit of $144, verdict should be for defendant.

[Ed. Note.—For other cases, see Courts, Cent. Dig. §§ 152–156; Dec. Dig. § 39.*]

2. SALES (§ 418*) — BREACH OF CONTRACT — MEASURE OF DAMAGES — AMOUNT IN CONTROVERSY.

The measure of damages on a breach of contract to deliver chattels, where the purchase money has been paid being the highest market price at any time between the time appointed for delivery and the day of trial, the buyer in a completed contract of sale can refuse to accept a return of the purchase money, deposited in a bank until such delivery, and sue for both the purchase price and damages.

[Ed. Note.—For other cases, see Sales, Cent. Dig. §§ 1174–1201; Dec. Dig. § 418.*]

3. SALES (§ 418*)—BREACH OF CONTRACT—RESALE—NOTICE—SPECIAL DAMAGES.

In a sale of cattle for future delivery, where the seller has notice of a contract between the buyer and a third party for a resale of the cattle at a profit, such profits are recoverable as special damages on the seller's failure to deliver.

[Ed. Note.—For other cases, see Sales, Cent. Dig. §§ 1174–1201; Dec. Dig. § 418.*]

4. SALES (§§ 404, 418*)—REMEDIES OF BUYER —MEASURE OF DAMAGES.

Where a contract for the sale of chattels has been completed and the seller fails to deliver, the buyer may sue for the conversion, and may then recover the highest market price before the trial.

[Ed. Note.—For other cases, see Sales, Cent. Dig. §§ 1146, 1174–1201; Dec. Dig. §§ 404, 418.*]

5. SALES (§ 404*) — SALES — CONTRACT — CONVERSION.

Where there has been a sale of cattle, and the seller has refused to deliver, an action may be either brought on the contract for its violation, or for the conversion, but the buyer is confined to one or the other in the submission of the case to the jury.

[Ed. Note.—For other cases, see Sales, Cent. Dig. § 1146; Dec. Dig. § 404.*]

6. PLEADING (§ 111*)—PLEA IN ABATEMENT— FACTS—SUBMISSION.

Where, as presented, the same facts which would sustain a plea to the jurisdiction would defeat the whole cause of action, the case should be submitted on the merits and the plea in abatement disregarded.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 234–236; Dec. Dig. § 111.*]

7. SALES (§ 418*) — BREACH OF CONTRACT — CONTRACT OF RESALE—SPECIAL DAMAGES— PLEADING AND PROOF.

In order to recover lost profits on a contract of resale by a buyer, where the seller refuses to deliver chattels, the pleadings and proof must show the special circumstances under which the contract between the buyer and seller was actually made, which special damages must be reasonably contemplated by, and follow from, the breach of the contract by virtue of such special circumstances known and communicated to the seller.

[Ed. Note.—For other cases, see Sales, Cent. Dig. §§ 1174–1201; Dec. Dig. § 418.*]

Appeal from Fisher County Court; M. A. Hopson, Judge.

Suit by A. S. Johnson against C. E. Miller. Judgment for defendant, and plaintiff appeals. Reversed.

Jno. W. Woods, of Rotan, and L. H. McCrea, of Roby, for appellant. C. P. Woodruff, of Sweetwater, for appellee.

HENDRICKS, J. The appellant, Johnson, sued the appellee, Miller, in the county court of Fisher county, alleging a contract of sale, by the terms of which Miller agreed to deliver eight steer yearlings at $18 per head on or about April 15, 1913, and that, in payment of same, he deposited $144 in the Cowboy State Bank & Trust Company, and that at the time of the purchase by him of said cattle he had a contract with another person for the sale and delivery of same at $30 per head, and which would have netted him a profit of $96, suing in the aggregate for the sum of $240.

The plaintiff's petition, in a sense, also sounds in conversion, alleging that defendant resold the steers, refusing to deliver the same to him, and that "the reasonable, actual, and sales value of such cattle * * * alleged to have been bought was, on April 15th and at all subsequent times since said date, of the value of $30 per head." The plaintiff alleges that, "at the time of the purchase of said cattle by him from the defendant, the latter had due notice that plaintiff had to deliver said cattle on or about May 1st," probably intending that the said allegation placed him within the rule of special damages. We doubt if this allegation is inferentially sufficient to charge notice of the loss of profits upon the contract.

[1] The appellee pleaded in abatement that the county court did not have jurisdiction to determine the cause of action, "for the

---

reason that the amount of damages alleged is only $96, and the recovery of the $144 purchase price * * * is fraudulently alleged for the purpose of giving this court (the county court) jurisdiction of the case"; and the trial court on this issue in substance instructed the jury that, if they believed that the $144 was never received by the defendant, Miller, and that he never laid claim to the same, to find in appellee's favor, without submitting to the jury in any manner whether the allegations were fraudulently made for the purpose of conferring jurisdiction of said cause in the county court, by increasing the real amount in controversy; further instructing the jury that, if they found in favor of the defendant on his plea to the jurisdiction not to consider the case upon the merits, the jury finding in favor of the plea, returning their verdict accordingly.

The appellant complains in this court of the trial court's charge on account of the failure to submit the element of fraud to the jury with reference to the question of jurisdiction, which complaint we think is just, the appellee not submitting a brief. The court's charge on this issue merely tenders the issue upon a specific fact or facts with reference to the $144, without submitting in any manner the bad faith of appellant alleged by appellee in his plea to the jurisdiction, and which is an essential constituent in the proof of such a plea; and, in a charge to the jury for the purpose of rejecting the jurisdiction of the court, a failure in this respect is clearly error.

[2, 3] In considering the statement of facts as to the controversy on this issue, the testimony of the appellee is such, which, if true, is addressed to appellant's whole cause of action. The appellant alleges a specific contract for the sale and purchase of certain cattle at a certain price, to be delivered on or about the 1st of April, 1913; that he paid for said cattle in accordance with the agreement by delivering the purchase price at a certain bank for that purpose; and that the appellee breached the contract by selling the cattle to other parties and refused to deliver the same to him in accordance with his agreement; the appellee denying this, and asserting that he informed the appellant that he would not sell the calves to him at any price unless other parties who were milking their mothers would agree to the sale and delivery at the time mentioned, and, while he agreed that appellant could leave the check for the calves at the bank mentioned at Rotan, Tex., it was upon the condition mentioned; and that, if he decided to deliver the steers under the contract, after seeing the parties who were milking the mothers, he would advise him to that effect; that thereafter he called at the bank, advised the assistant cashier to return the money to the appellant, stating that the parties would not permit him to sell the steers. If

appellee agreed to sell the steers upon the stipulations mentioned by him, there was no sale. If appellant's testimony is true, there was a consummated sale of the yearling steers at $18 per head at the time he delivered his check for the payment of same with the Cowboy State Bank & Trust Company to appellee's credit, notwithstanding the appellee may thereafter have refused to accept said money. It seems that the bank at the instance of appellee attempted to return the purchase price of the steers to appellant, which he refused. Appellant, in claiming a profit as damages arising on account of the violation of a contract, had the right to refuse the return of this money. If he had not done so, the cause of action for conversion for the value of the steers, or for the profits on a breach of the contract, claimed by him would have been abandoned.

The measure of damages on a breach of contract to deliver chattels, where the purchase money has been paid, is the highest market price at any time between the time appointed for delivery and the day of trial, with interest from the time appointed for delivery. Calvit v. McFadden, 13 Tex. 324, 328. Also see Ry. Co. v. Busch, 23 S. W. 309; Brasher v. Davidson, 31 Tex. 193, 98 Am. Dec. 525; Cartwright v. McCook, 33 Tex. 612; Randen v. Barton, 4 Tex. 289, which latter case is the first enunciation of the rule in this state where the price has been paid in advance and holding the purchaser is entitled to the advantage of any rise in the market value of the article.

[4, 5] If the appellee breached the contract, which the appellant contends was made and consummated when he negotiated for the cattle and paid the money in the bank, if the appellee had notice of a special contract by appellant with others for a resale of said cattle at a profit, the profits are recoverable as special damages. The appellee having rescinded the contract by placing it beyond his control to deliver, the appellant had the right to recover the purchase price and the profits by alleging the contract and its violation, and the other ingredients mentioned; or he had the right to recover upon the theory of a conversion of the cattle for the highest market price, in accordance with the rule declared in the decisions cited. However, appellant could not recover upon both theories, but is confined to one or the other in the submission of his case to the jury. If the trade was in accordance with appellee's contention, appellant could neither recover the $144 from appellee, the $96 as profits, nor could he recover upon the theory of conversion for the value of the cattle.

[6] The manner in which the case is made in this court upon the plea to the jurisdiction, we are unable to see the relevancy of such a defense; either a contract was made in accordance with plaintiff's theory, or there was no contract, in accordance with defend-

ant's theory, and it is a plain issue of liability or nonliability, and, if the plea in abatement of defendant remains the same as in this record, it should be disregarded by the trial court, and the cause should be submitted on the merits in accordance with this opinion. As presented the same facts which would sustain the plea would defeat the whole cause of action.

[7] In order to recover profits arising out of the contract with other parties, the pleadings and proof must show the special circumstances under which the contract between appellant and appellee was actually made, which special damages must be reasonably contemplated by, and follow from, the breach of the contract, by virtue of such special circumstances known and communicated to the other party. Madill Oil Co. v. Sanger, 95 S. W. 36; also see Missouri, K. & T. Ry. Co. v. Belcher, 88 Tex. 549, 32 S. W. 518; Amory Mfg. Co. v. Gulf, C. & S. F. Ry. Co., 89 Tex. 426, 37 S. W. 856, 59 Am. St. Rep. 65; Belcher v. Missouri, K. & T. Ry. Co., 92 Tex. 593, 50 S. W. 559; and Bourland v. Choctaw, O. & G. R. Co., 99 Tex. 407, 90 S. W. 483, 3 L. R. A. (N. S.) 1111, 122 Am. St. Rep. 647.

For the error indicated as to the submission of the cause to the jury on the question of the plea of jurisdiction, the cause is reversed and remanded for a new trial, in accordance with this opinion.