## SUGG v. GEORGE B. HENDRICKS & SON. (No. 5346.)

(Court of Civil Appeals of Texas. Austin. April 15, 1914. On Motion for Rehearing, June 17, 1914.)

On Motion for Rehearing.

SALES (§ 442*)—PAYMENT OF PRICE—SHORTAGE OF DELIVERY—MEASURE OF DAMAGES.

Where defendant contracted to deliver to plaintiff all his cattle in a certain pasture, estimated at about 2,389 head, at $33 per head, and plaintiff paid defendant for a larger number of head than defendant delivered, plaintiff's measure of damages was an amount sufficient to cover the shortage at the contract price per head, and not the market value of the cattle not delivered at the time and place they should have been delivered under the contract.

[Ed. Note.—For other cases, see Sales, Cent. Dig. §§ 1284–1301; Dec. Dig. § 442.*]

Error to District Court, Tom Green County; J. W. Timmins, Judge.

Action by George B. Hendricks & Son against J. D. Sugg. Judgment for plaintiff, and defendant brings error. Affirmed.

Wright, Wynn & Harris, of San Angelo, for plaintiff in error. Hill, Lee & Hill, of San Angelo, for defendant in error.

JENKINS, J. Plaintiff in error contracted to deliver to defendants in error certain cattle in Oklahoma at $33 per head. Defendants in error, at the time said contract was entered into, paid plaintiff in error $10,000 cash, and subsequently, upon plaintiff in error's representing that he had delivered 2,340 head, Geo. B. Hendricks paid him the remainder of the agreed purchase price for that number. Defendants in error, claiming that only 2,326 head were delivered, sued for value of the remaining 14 head at the time and place when they should have been delivered, which they alleged to be $40 per head. The case was tried before the court, who found in favor of defendants in error, and rendered judgment for 14 head at $33 per head. The court filed conclusions of law and fact, among which was the following:

"Fourth. That on or about the 1st day of April, 1910, defendant delivered to plaintiff 2,304 head of steers, and in two or three days thereafter defendant delivered to and plaintiff received from him 22 head more of steers."

There is no disagreement as to the 22 head, but the plaintiff in error contends: That at the time of the first delivery he in fact delivered to Bruce Hendricks, one of the defendants in error, 2,333 head of cattle, and

that Hendricks left 29 head of them. That in the bunch of 22 head which he subsequently delivered to Hendricks were 7 head not included in the 2,333 head previously delivered, thus making in all 2,340 head.

Plaintiff in error assigns error upon the finding of fact by the court that only 2,304 head of cattle were included in the first delivery. The issue of fact was as to whether the cattle cut out and not driven off by Bruce Hendricks at the first delivery were delivered to him at that time, or were they included in the second delivery. The evidence sustains the finding of the court on this issue, for which reason the plaintiff in error's assignments are overruled.

The defendants in error, by cross-assignment, insist that the court erred in not rendering judgment in their favor for $40 per head for the 14 steers that they paid for but never received, instead of $33 per head, the price that they paid.

The proper measure of damages under the evidence in this case is the market value of the cattle at the time and place they should have been delivered under the contract. Calvit v. McFadden, 13 Tex. 324; Johnson v. Miller, 163 S. W. 592. The court having found that the defendants in error paid for 14 head of cattle that were not delivered, and the undisputed evidence being that said cattle, at the time and place they should have been delivered, were worth $40 per head, we sustain said cross-assignment, and here render judgment for defendants in error for said amount, which, with interest from May 10, 1910, to the date of trial, is $666.20, together with interest on said amount at the rate of 6 per cent. per annum. As thus reformed, the judgment is affirmed.

Reformed and affirmed.

### On Motion for Rehearing.

Upon further consideration, we are of the opinion that we were in error in sustaining the cross-assignment of defendants in error. This suit was brought upon a written contract dated December, 1909, wherein plaintiff in error agreed to sell to defendants in error, not a specified number of cattle, but all of his cattle in a certain pasture in Oklahoma, estimated at about 2,389 head, to be delivered about April 10, 1910, for the consideration of $33 per head. Had the plaintiff in error failed to deliver any of said cattle, the measure of damages would have been that stated in our opinion herein. But it is not contended that he did not deliver all of the cattle that he had in said pasture. The issue in this suit was as to how many he delivered; his contention being that he delivered 2,340 head, and the contention of defendants in error being that he delivered only 2,326 head. The testimony amounts to this, in substance: Plaintiff in error represented to Geo. B. Hendricks, one of the defendants in

error, that he had delivered to Bruce Hendricks, the other defendant in error, 2,340 head of cattle on said contract, and guaranteed that number, and upon this Geo. B. Hendricks paid plaintiff in error $33 per head for that number. The court found that the number delivered was only 2,326 head, and gave judgment for the 14 head shortage at $33 per head, with interest from the date of such payment. In this we have concluded that the trial court was correct. When Hendricks paid the money to plaintiff in error, he did not intend to purchase cattle for future delivery, but was paying for cattle that he supposed he already purchased and received. It was simply an overestimate of the number of cattle delivered on the contract, and the measure of damages is the money paid for the cattle in excess of those actually delivered.

We overrule the plaintiff in error's motion for a rehearing as to so much of our judgment as sustained the judgment of the trial court, but grant said motion as to so much of our judgment as reformed the judgment of the trial court.

For the reasons stated, the judgment herein, heretofore rendered by us, is set aside, and the judgment of the trial court is affirmed.