Wheeler, 0. J.
—There is little cause to doubt that a *193 case proper for a recovery in damages was well made out against the defendant, De la Zerda. But as to the defendant, Maverick, it is not so clear that a case was made out in evidence.
The defendants had abandoned their other defenses, and relied on the general denial. The plaintiff did not read in evidence the plea which had been abandoned by the defendants, and without the admissions they contained, it is not very apparent upon what evidence the jury found a verdict against the defendant, Maverick. But there is another question in the case which renders it unnecessary to decide upon the sufficiency of the evidence to support the verdict; that is, the question of the measure of damages.
Though the case made by the evidence may have well entitled the plaintiff to a recovery against the defendant, De la Zerda, yet it is conceived the rule laid down by the court, by which to measure the amount of the recovery in damages, was not quite correct, and the jury may have been misled by it. The jury were instructed that the true measure of damages for the plaintiff was “ the difference between the profits shown as likely to accrue to him in those premises, and the profits (if any) which he might make in another stand by the use of reasonable diligence and industry and the loss to his stock in trade.”
The future profits likely to accrue to the plaintiff in the prosecution of his business we think a subject too remote and contingent to constitute the proper subject of computation as damages in this action.
The difficulty of laying down a precise and certain rule upon this subject, which shall be applicable to all cases, has been often recognized. The difficulty consists not so much in ascertaining a general rule, as in the application of any rule which may be stated as the result of the authorities to cases as they arise. But I apprehend it will be found, that future contingent profits of the character of those within the contemplation of the charge of the court in this case *194 have not been admitted as the proper subject of compensartion in damages. They are too hypothetical and supposititious in their nature to constitute the legitimate subject of judicial cognizance, and are thence said to be too remote to be the foundation of an action. The general rule is, that, in cases of this nature, where, as in the present case, there does not appear to have been a willful wrong, or gross negligence, remuneration is restricted to the immediate consequences of the wrongful act. (Sedgw. on Meas, of Dam., 82, et seq.; Calvit v. McFaddin, 13 Tex., 324.) The value of the use and occupation, or rent of the premises, would undoubtedly be a proper subject of computation, and so would the injury to the defendant’s goods, or stock in trade, in estimating the damages. But we think the profits which he might have realized, or which were likely to accrue to him in the future occupation of the premises, too remote to be made the ground of a recovery. We are of opinion, therefore, that there was error in the charge of the court, for which the judgment must be
Reversed and the cause remanded.