'Alice Young v. D. L. Russell.

(Case.No. 4426.)

1. Appeal bond — Jurisdiction.— In order to confer by appeal jurisdiction on the supreme court over a party to the judgment below, the appeal bond must be made payable to such party, even though the judgment was not in favor of that party, provided the interest of the appellant was adverse to such party's interest.   Citing Greenwade v. Smith, 57 Tex., 195.
2. Statute construed — Practice.— Under art. 1400, R. S., the "appellee or defendant in error" must be regarded as the party in the judgment in whose favor the same has been wholly or partially rendered, and who does not appeal from it.   To all such parties the appeal bond must be made payable. When such a bond is not executed the supreme court will of its own motion dismiss the appeal.   Following Thompson v. Pine, 55 Tex., 429, and other cases cited in opinion.

Appeal from Bell.   Tried below before the Hon. L. C. Alexander.

Suit by Elizabeth Williams, Lillie Williams, Sallie Williams and Dollie Williams, infants under the age of twenty-one years, by L. C. Williams, their next friend, against W. P. Young and his wife, Alice Young, and against the appellee, D. L. Russell, to recover their interest in certain tracts of land, and to cancel certain deeds to some of the tracts of land which had been conveyed by W. P. Young to D. L. Russell.

The plaintiffs claimed their interests as heirs to the community one-half of the property owned by their deceased father, Eli Williams.   They alleged that their mother afterwards married said W. P. Young; that their father left as part of his estate a large stock of cattle, some being community property, of the value of $10,000.

The plaintiffs alleged that after the marriage of W. P. and Alice Young, W. P. Young, with the acquiescence of his said wife, converted by sale plaintiffs' interest in the stock of cattle, of the value of $5,000, and with the proceeds purchased and acquired in his own name several tracts of land which were described.

Plaintiffs alleged that on the 10th of September, 1877, said W. P. Young, without any lawful authority, executed deeds to the first, second and fourth tracts of land described to D. L. Russell; that Russell received the deeds with full knowledge of plaintiffs' interest in the lands; that the same were the proceeds of their property and without adequate consideration; that he caused the deeds to him to be duly recorded, with intent to defraud plaintiffs, and that said records constitute a cloud upon their title.   Prayer for judgment against W. P. and Alice Young for all the tracts of land except the third designated tract, and that they be substituted

in respect to that to the rights and equities claimed by said W. P. and Alice Young, and for decree of cancellation of the deeds made to Russell.

Alice Young filed a special answer, which, in effect, admitted all the main and essential facts alleged by plaintiffs, and joined the plaintiffs in their prayer that the deeds of conveyance to Russell be canceled. The answer admitted that plaintiffs were entitled to one-half the property sued for. It appeared in the judgment, and also from the charge of the court, that, at the trial, the defendant Alice Young failed to appear and that her answer was not presented.

The defendant Russell answered by a general denial and special answer, alleging that he purchased the tracts conveyed to him from W. P. Young for a valuable consideration and without notice of plaintiffs' claim to it, and prayed that title to the same be decreed to him, that he be quieted in his possession thereof, and for writs of possession.

The verdict of the jury found for the plaintiffs twelve and thirty-five fiftieths acres in a one hundred acre tract, and one-half of a twenty and one-third acre tract, and one-half of a two hundred acre tract, and the remainder of the tracts were found for defendant Russell; the judgment and decree of the court was rendered in accordance with the verdict, with writs of possession to the plaintiffs and to defendant Russell, respectively, for the three tracts of land, and adjudging one-third of the costs of suit against defendant Russell and two-thirds of the costs against the defendant W. P. Young, and, in case the same cannot be collected from said Young, that the same should be paid by the plaintiffs, in the due course of administration of their estates.

The defendant Alice Young filed her motion for a new trial, which was overruled. Her appeal bond was made payable to D. R. Russell, her co-defendant; the plaintiffs were not noticed as obligees of the bond in any manner.

*Dupree & Saunders,* for appellant.

*Boyd & Holman,* for appellee.

WALKER, P. J. COM. APP.— The appeal in this case does not bring the plaintiffs before this court because the appeal bond does not conform to the conditions of the law which are required to confer jurisdiction over them for the revision of the judgment rendered in their favor against the appellant. The plaintiffs recovered by the judg-

ment appealed from one-half of two of the tracts of land sued for and a portion of another of the lands involved in this suit, and the defendant recovered the remainder, and if the judgment thus rendered be reversed on this appeal, the interest of the plaintiffs must be affected to the extent of setting aside wholly the judgment as an entirety, thereby requiring the plaintiffs again to prosecute their suit in the court below. The plaintiffs were otherwise interested in the matter of costs, which had been so adjudged as to exempt them from liability therefor, except on condition that two-thirds of the same could not be successfully enforced against the husband of the appellant.

In order to confer jurisdiction on the appellate court as to a party to the judgment who is interested in its results, it seems that the appeal bond must be made payable to such party, even though the judgment were not in favor of such party, provided the interest of the appellant in the suit was adverse to such party. In Greenwade v. Smith, 57 Tex., 195, an appeal bond was executed by an appellant whose petition of intervention was dismissed as insufficient, and was made payable only to the party in whose favor a judgment below was rendered on a promissory note and foreclosing a vendor's lien. It was held that the defendant below, against whom the judgment was rendered, was a necessary party to the appeal, and the appeal bond should have been made payable to him as well as to the plaintiff. Chief Justice Gould remarked in the opinion: "Whilst the object of the intervenors is to reverse the judgment dismissing the plea of intervention, they can only appeal from the final judgment, and as Garrett (the defendant against whom judgment had been rendered) is a party to that judgment, whose interests may be materially affected should it be reversed, he was a necessary party to the appeal. The bond should have been payable to him as well as to Smith (the plaintiff in the judgment). The necessary parties not having been brought before the court to enable it to take jurisdiction of the case, the appeal must be dismissed."

In this case the attitude of the plaintiffs is that of hostility to the interest of Russell and of the appellant Alice Young, as well as to that of her husband, W. P. Young; the position of Alice Young in this litigation, whilst her answer admits the material facts alleged by plaintiffs, so far as they may be essential to effect a recovery against Russell, does not imply a relinquishment or waiver of her rights to such interest as she may have in the property. The scope of her answer admitted virtually that the plaintiffs were en-

titled to one-half of the land sued for, and that she was interested as owner of the residue. Russell's interest was wholly adverse to that of all the parties to the suit. Such being the *status* of the case when the judgment was rendered, no reason is perceived why the appellant may be exempted from making her appeal bond payable to the plaintiffs.

Art. 1400, R. S., provides that the appeal bond shall be made "payable to the *appellee* or defendant in error." In a suit, and under pleadings of the character here presented, which is a proceeding in equity, the appellee must be regarded as the party in the judgment in whose favor the same has been wholly or partially rendered, and who does not appeal from it; and we are of opinion that to such party or parties in such judgment the appeal bond must be made payable.

Jurisdiction of an appeal will not be entertained without such an appeal bond as affords to the parties whom the law contemplates shall be protected by it, such security as the statute provides shall be afforded. See Smith & Williams v. Parks, 55 Tex., 85, and authorities there cited. No appearance is made nor briefs filed by the plaintiffs nor by appellee Russell, nor is there filed a motion to dismiss this appeal; but if it appear by the record that the court does not possess jurisdiction, it will not attempt to exercise it, and in such case this court will, of its own motion, dismiss the appeal. Smith & Williams v. Parks, *supra;* Lyell v. Guadalupe Co., 28 Tex., 57; Loftin v. Nalley, 28 Tex., 127; Chambers v. Miller, 7 Tex., 75; Evans v. Pigg, 28 Tex., 590. See, also, Thompson v. Pine, 55 Tex., 429, where the writ of error was dismissed because one of two defendants in the judgment were not cited under the plaintiff in error's writ of error. Judge Quinan, delivering the opinion, said: "We are of the opinion that the writ of error should be dismissed because Pine is not made a party, and this, too, whether the sureties have the right to make the motion or not. We know of no reason why Pine should not be cited. The object of the writ is to reform a judgment to which he is a party. All the parties defendant in error should be cited." Citing authorities.

The principle, reason and policy of the law in appeals seems to apply alike to the same end, whether the question of jurisdiction arise in the consideration of the appeal bond, or of the process whereby the necessary and proper parties to the judgment are to be brought before the appellate court. In either case the court will decline to take jurisdiction to revise a judgment rendered below,

unless the proper parties to be affected by the revision shall be brought before it in the mode which the statutes regulating appeals contemplate.

We conclude, therefore, that this appeal ought to be dismissed.

DISMISSED.

[Opinion adopted January 28, 1884.]