Opinion by
Willson, J.
§ 283. Damages; measure of, on breach of contract; 'remote not recoverable. “ Where two parties have made a contract, which one of them has broken, the damages which the other party ought to receive in respect of such breach of contract should be such as may fairly and reasonably be considered either arising naturally, i. e., according to the usual course of things, from such breach of contract itself, or such as may reasonably be supposed to have been in the contemplation of both parties at the time they made the contract, as the probable result of the breach of it.” [Hadley v. Baxendale, 9 Excheq. R. 341; Wood & Mayne on Dam. p. 18; Calvert v. McFaddin, 13 Tex. 324; De la Zerda v. Korn, 25 Tex. 188; W. & W. Con. Rep. §§ 193, 195, 801, 848, 1002, 1034, 1125, 1134, 1152.] Appellant brought this suit to recover damages for the breach of a contract. The contract,' in substance, was: 1. Appellees agreed to thresh his small grain for the usual toll. 2. Appellant was to gather and prepare the grain for threshing according to the usual custom of the country. 3. Appellees agreed to notify appellant of the day on which they would thresh the grain. Appellant alleged in his petition that appellees notified him they would thresh the grain on the 4th day of July; that thereupon he caused the grain to be hauled and stacked- preparatory to being threshed; that the same was sound and *214 in good condition, ready for threshing, on said 4th day of July; that defendants failed* and ref used in toto to perform their contract; t*hat he used every exertion to get others to thresh the grain, but, owing to the lateness of the season, could not get it threshed until in September; that said grain remained exposed to the weather from July until September, whereby it was damaged $350. A general demurrer to the petition was sustained and the suit was dismissed. Held: It is gathered from the briefs of counsel that the demurrer was sustained upon the ground that the damages claimed are of a character not recoverable upon a breach of contract; that is, that the alleged injury to the grain, caused by exposure to the weather, was not the direct, natural, proximate result of the breach of the contract, and was not such as could reasonably be supposed to have entered into the contemplation of the parties when making the contract; but that, on the contrary, such damages are uncertain, remote and speculative. The court did not err in entertaining this view of the case and sustaining the demurrer. Conceding every allegation in the petition to be true, appellant is not entitled to recover the damages claimed by him. It could not reasonably have entered into the contemplation of the parties, at the time the contract was made, that appellant would be unable to employ others to thresh his grain within such time as would prevent it being damaged by exposure. It might, on the contrary, reasonably be contemplated that he could either procure it to be threshed, or could thresh it himself, within a.reasonable time after he ascertained that defendants would not thresh it. It was not a large crop, and it is quite reasonable to conclude that plaintiff might himself have threshed and saved it from damage. It could have been threshed without the aid of a threshing machine, in the manner that grain was threshed before the invention of such machines. He does not allege that he could not thus have threshed and saved it from damage. It cannot reasonably be supposed to have entered into the contem *215 plafcion of the parties that the grain would remain exposed to the weather from July until September without appellant’s being able to have it threshed. It is not alleged in the petition at what particular time the damage was sustained. If occasioned within a short time after the breach of the contract, before appellant had reasonable time to have the grain threshed, he would be entitled to recover, for, under such circumstances, the damages claimed might reasonably be supposed to have been in contemplation of the parties when making the contract. As alleged and claimed in the petition in this ^case, the damages are remote and not recoverable.
§ 284. Contracts; are made with reference to natural laics; liability for damages limited to reasonable lime after breach; reasonable time, how determined. Persons entering into contracts are presumed to do so with a knowledge of natural laws, and, in a case like this, in contemplation of the probability that rains and storms will occur, which may injure grain exposed to the weather. But this must be limited to a reasonable time; and if the damage complained of was occasioned after the lapse of such reasonable time from the breach of the contract, it could not be said to have been within the contemplation of the parties. What would be a reasonable time, is a question of fact, depending upon the circumstances of the case.
§.285. Nominal damages; right to recover will not prevent dismissal of suit, when. The petition showed a good cause of action for nominal damages. Wherever the breach of an agreement, or the invasion of a right, is established, the law infers some damage, and even if none be proved, will award a nominal or trifling sum. [Sedgw. on Dam. 47; Wood & Mayne on Dam. § 6; 1 Greenl. on Ev. § 254; Hope v. Alley, 9 Tex. 395; Moore v. Anderson, 30 Tex. 224.] But notwithstanding the appellant in this case was entitled to recover nominal damages under the allegations in his petition, the court did not err in sustaining the demurrer and dismissing the suit, be *216 cause the other damages claimed, being such as were not recoverable, could not be considered in determining the amount in controversy in the suit, and the nominal damages did not confer jurisdiction upon the court. [Hibbard v. Telegraph Co. 33 Wis. 558; Jones v. King, id. 422; Laubenheimer v. Mann, 19 Wis. 519; Hudspeth v. Allen, 26 Ind. 165.]
April 16, 1884.
Affirmed.