[No. 11334.    Department One. — April 20, 1888.]

F. M. MILLIKIN, APPELLANT, v. S. O. HOUGHTON ET AL., RESPONDENTS.

APPEAL— NOTICE OF — SERVICE ON ADVERSE PARTIES — QUASHING EXECUTION. — Where an execution issued against all the parties to a judgment is quashed upon the motion of a part only of them, and an appeal from the order is taken by the judgment creditor, all the persons against whom the judgment was rendered are adverse parties, within the meaning of section 940 of the Code of Civil Procedure, and should be served with notice of the appeal; if this be not done, the supreme court acquires no jurisdiction to hear the appeal, and the same will be dismissed.

APPEAL from an order of the Superior Court of the city and county of San Francisco quashing an execution.

Motion to dismiss appeal.    The facts are stated in the opinion of the court.

*J. M. Wood,* and *J. C. Bates,* for Appellant.

*Tobin & Tobin,* and *Thomas F. Barry,* for Respondents.

SEARLS, C. J.—This is an appeal from an order of the court below quashing a writ of execution on motion of two of the defendants, viz., S. O. Houghton and the Hibernia Savings and Loan Society.

Respondents, the Hibernia Savings and Loan Society and S. O. Houghton, moved to dismiss the appeal upon the grounds that the other defendants in the cause, viz., F. H. Burke, R. P. Kelly, John Higgins, and P. Hannigan, were not mentioned in the notice of appeal, and were not served therewith.

Turning to the decree, we find that it is against all of the defendants above named. The Hibernia Savings and Loan Society alone appealed to this court, and the judgment, as against it, was reversed. Upon the return of the case to the court below, plaintiff dismissed the action as to said last-named defendant, and thereupon procured an execution with a copy of the decree attached, which was and is in all respects such as might have issued upon the decree as originally entered, except that it recites the appeal, reversal, and dismissal as to the defendant the Hibernia Savings and Loan Society.

This writ was quashed by the court, on motion of the defendants, as hereinbefore mentioned, and the notice of appeal therefrom is addressed to and served upon them only.

The notice of appeal must be served upon the *adverse party* or his attorney. (Code Civ. Proc., sec. 940.)

The term "adverse party" has been held to include all the parties to the action having an interest to be affected by a reversal, and in *O'Kane* v. *Daly,* 63 Cal. 317, it was held that the notice of appeal by one of several co-defendants should be served, not only on the plaintiff, but also on the non-appealing co-defendants, they having an interest in the judgment to be affected by the reversal.

(*Senter* v. *Bernal*, 38 Cal. 640; *Hiscock* v. *Phelps*, 2 Lans. 118; *Cotes* v. *Carroll*, 28 How. Pr. 446; *Thompson* v. *Ellsworth*, 1 Barb. Ch. 627.)

In *Williams* v. *Santa Clara Mining Co.*, 66 Cal. 194, it was said: "This court has not jurisdiction to hear an appeal from a judgment, unless the appellant shall have served a notice of appeal on all the adverse parties; that is to say, upon all whose rights may be affected by a reversal of the judgment," etc.

The defendants not served with the notice of appeal in this case are as directly interested in the affirmance or reversal of the order appealed from as are the two defendants who were served.

It may be said the objection cannot come from the moving respondents here, as they can suffer no injury by appellant's failure to notify the other defendants. The answer is, the objection goes to the jurisdiction of the court to hear and determine the appeal, and the right to make the objection by any respondent before the court has been often recognized. Indeed, they are interested in having such judgment as may be rendered by this court binding upon all the parties whom after notice it can affect.

It may well be that as the motion in the court below was by only two defendants, and one of them a party as to whom the action had been dismissed, should have been denied, except as to the moving parties, or if one only of them was interested, then only as to him; but however this may be, the execution ran against all the defendants except the Hibernia Savings and Loan Society; it was quashed as to all of them, and the appeal is from the whole order.

They are, therefore, all interested, and should have been served as respondents in the appeal.

The appeal is dismissed.

McKINSTRY, J., and PATERSON, J., concurred.