S. F. BRIDGES V. SAMUEL SAMUELSON ET AL.

No. 6132.

1. **Practice—Attorney.**—No written answer is required to a motion that an attorney be required to show by what authority he instituted or prosecutes a suit. He may in answer to the motion exhibit to the court the evidence of his authority.

2. **Evidence—Dormant Judgment.**—In a suit to revive a dormant judgment, from which no appeal was taken, the defenses interposed in the original suit can not be set up.

3. **Judgment.**—In a proceeding in debt upon a dormant judgment, and for costs paid in the original suit, if the judgment be for the plaintiff the judgment should be rendered for an amount which the original judgment with the accrued interest and costs of both suits would aggregate.

4. **Retaxing Costs.**—No relief can be had on appeal against a judgment in so far as it relates to costs if in other respects correct unless an effort to correct the judgment as to costs was made before the trial court.

APPEAL from Mason.   Tried below before Hon. A. W. Moursund. The opinion states the case.

*J. D. Bridges* and *W. Fulton,* for appellant.

No appearance was entered for appellees.

ACKER, PRESIDING JUDGE.—Appellees as heirs of A. W. Samuelson recovered judgment against appellant on the 20th day of November, 1883, for the sum of $1492, for money and effects belonging to said Samuelson at the time he died intestate at appellant's residence, leaving his effects in the possession of appellant.

No execution was issued on this judgment within the year and it became dormant.   On February 16, 1887, appellees brought suit on the dormant judgment, setting it out in the petition, and alleged that it was "a subsisting, valid, final, unappealed from judgment and a wholly unpaid debt against defendant, and that it was still owned and held by plaintiffs."   There was prayer for judgment for the amount of the dormant judgment, interest thereon from its date, and costs of both suits.

Appellant answered, setting up the same defenses that were interposed in the original suit.   Appellees excepted to the defenses pleaded upon the ground that they were *res adjudicata.*   The exceptions were sustained and all of the answer stricken out except the general denial, which was then withdrawn by appellant.

The trial was by the court without a jury, and, it seems, proceeded regularly, notwithstanding the defendant had no answer remaining in the case, and resulted in judgment as prayed for by appellees.   Without making motion for new trial this appeal was prosecuted.

The court filed no conclusions and there is no appearance here for appellees.

Appellant filed a motion to require A. O. Cooley, attorney for appellees, to show by what authority he prosecuted the suit, to which the attorney made no written answer, but in answer to the motion offered proof of his authority, which was objected to by appellant upon the ground that no written answer to the motion had been filed. The objection was overruled and this ruling is assigned as error.

While the statute, article 237, requires such motion to be in writing under oath, there is no requirement that the attorney shall file a written answer before he will be heard, to prove his authority in response to the motion and notice. We think the court did not err in the ruling here complained of.

It is contended that the court erred in sustaining the exceptions to appellant's answer. The defenses set up had been interposed in the original suit, and the judgment rendered in that suit, from which no appeal or writ of error was prosecuted, is conclusive of these defenses. Bullock v. Ballew, 9 Texas, 500.

It is also contended that the court erred in rendering judgment for the amount of principal and interest due on the original judgment, and making the last judgment bear interest from its date, because the interest was thereby compounded.

The Revised Statutes, article 3210, provides that dormant judgments "may be revived by *scire facias* or an action of debt brought thereon within ten years after the date of such judgment." This is an action of debt upon the dormant judgment and to recover the costs paid out by appellees on the original suit, and we think the court did not err in rendering judgment for the amount of the original judgment with interest and the costs paid by appellees thereon. Bullock v. Ballew, 9 Texas, 500. If the suit had been by *scire facias* to revive the judgment, then the judgment should have been that appellees have their execution.

· It is further contended that the judgment is erroneous in taxing costs of this suit against appellant. Appellees were the successful parties and had the right to recover the costs. Rev. Stats., art. 1421. But if this were not so, we are powerless to grant the relief asked, because appellant failed to call the attention of the trial court to the matter by motion to retax the costs or in some other manner. Unless some such proceeding is had in the court below this court will not afford relief. Allen v. Woodsoon, 60 Texas, 653, 654.

We are of opinion that the judgment of the court below should be affirmed.

*Affirmed.*

Adopted April 16, 1889.