M. KOSMINSKY v. HAMBURGER BROTHERS & COMPANY.

Decided January 18, 1899.

**1.  Appeal Bond—Parties Adversely Interested.**

If a party to a suit is, upon appeal, interested adversely to the party appealing, he must be made an obligee in the appeal bond, whether plaintiff, defendant, or intervener in the trial court

**2.  Same.**

A codefendant not joining in the appeal, and interested against reopening the judgment only in that it could have been, but was not, rendered against him for costs, should be made an obligee in the appeal bond.

APPEAL from Bowie.   Tried below before Hon. J. M. TALBOT.

*P. A. Turner* and *Dan. T. Leary,* for appellant.

*Henry & Henry,* for appellees.

KEY, ASSOCIATE JUSTICE.—This suit was instituted by Hamburger Bros. & Co. to recover upon an open account against Gus Less. An attachment was sued out and levied on a stock of merchandise. The plaintiffs alleged that Less had disposed of his property for the purpose of defrauding his creditors, by making a fraudulent and fictitious trust deed to J. Deutschman, as trustee, and the said trustee had made a fraudulent and fictitious sale of the same to appellant M. Kosminsky, who was made a defendant. Before the trial, the attached property was sold by order of the judge, the sum realized therefor being $925.

Upon the trial, judgment was rendered for the plaintiffs for $1080 against Gus Less, and establishing and foreclosing their attachment lien on the proceeds of the sale of the attached property against both Less and Kosminsky. It also adjudges that Kosminsky is entitled to nothing upon his plea in reconvention; and it adjudges all the costs of the suit against him. Kosminsky has appealed and made his bond payable to the plaintiffs Hamburger Bros. & Co. alone.

Appellees have submitted a motion to dismiss the appeal, upon the grounds that the appeal bond should have been payable to the defendant Gus Less, as well as to the appellees.

If a party to a suit is, upon appeal, adversely interested to the party appealing, such party must be made an obligee in the appeal bond, whether he be plaintiff, defendant, or intervener in the trial court. In this case, judgment might have been rendered against the defendant Gus Less for the costs, as well as for the debt owing to Hamburger Bros. & Co., and as the judgment was not so rendered, but was rendered against appellant Kosminsky for the costs, it is to Less' interest that the question of costs should not be reopened, and he is adversely interested to Kosminsky to the extent of the costs in the court below. It follows, therefore, that the bond should have been made payable to him, as well as to Hamburger Bros. & Co., and on account of this fatal defect, the motion to dismiss the appeal must be sustained.

*Motion granted and appeal dismissed.*

Application for writ of error dismissed for want of jurisdiction.