## I. T. VALENTINE v. E. P. SWEATT.

### Decided December 23, 1903.

**1.—Evidence—Certified Copy of Deed.**

To authorize the introduction in evidence of a certified copy of a lost deed it is incumbent on the party to file the same among the papers of the cause, together with affidavit of the loss of the original, complying otherwise with article 2312 of the Revised Statutes. The rule of evidence thus enunciated applies to all cases where it is sought to use the certified copy of the record of any instrument of writing which is permitted or required by law to be recorded in the office of the county clerk.

**2.—Evidence—Lease Record—Cancellation of Lease.**

Section 4 of chapter 125 of the Acts of 1901 provides that the county clerks of Schleicher and other counties therein enumerated shall keep a complete record of the leases of public school lands in their respective counties; and section 5 of the same law provides that the cancellation of any lease shall be duly noted by the clerk on the record. Held that such lease record is admissible as evidence of cancellation.

**3.—Practice—Preferential Right of Lease.**

The effect of the law of 1901 is to put the land upon the market for sixty days after the cancellation of a lease, and after the expiration of that sixty days if the land is not purchased the original lessee shall have the preference right for thirty days to again lease the land, failing to do which the land is again on the market. Under the facts of this case there was no issue of the land being on the market, and it was unnecessary to' present such matter to the jury.

**4.—School Lands—When on the Market—Notice.**

The land law of 1901 provides that when land has once been classified and valued by the Commissioner of the General Land Office (as the land in controversy was) on the expiration of the lease the land shall be on the market without further notice to the clerk of the county court. Such classification and valuation can be made during the life of the lease, the land to be on the market the moment the lease terminates by limitation or cancellation.

**5.—Practice—Retaxation of Costs.**

No relief can be had on appeal against a judgment in so far as it relates to costs, if in other respects correct, unless an effort to correct the judgment as to costs was made before the trial court.

**6.—Practice on Appeal—Evidence.**

Motion for new trial raising no question of the sufficiency of the evidence to sustain the verdict such an objection comes too late when raised for the first time in the appellate court.

**7.—Judgment—Evidence.**

There was no evidence that the land was ever awarded and sold to appellant, and therefore no basis for that part of the judgment which cancels and sets aside such imaginary award and sale, and that portion of the judgment is stricken out.

Appeal from the District Court of Schleicher. Tried below before Hon. T. C. Wynne, Special Judge.

*E. Cartledge* and *Hill & Lee,* for appellant.

*L. H. Brightman, Brown & Silliman,* and *W. M. Allison,* for appellee.

FLY, ASSOCIATE JUSTICE.—This is an action of trespass to try title to lands, sections 192 and 194½ in Schleicher County, instituted by appellee against appellant and Robert Bailey. Bailey disclaimed any interest in the land and was dismissed from the suit. Appellant an-

swered by plea of not guilty, and set up a cross-action against appellee for the land in controversy. The cause was tried by jury and resulted in a verdict and judgment in favor of appellee for the land sued for.

The facts are that on March 11, 1903, appellee applied to the Commissioner of the General Land Office to purchase section 192, block A, the application being in all respects as required by law, and being accompanied by an affidavit that he was a bona fide settler on the land and was not acting in collusion with others for the purpose of buying the land for any other person or any corporation, and that no other person or corporation was interested in the purchase of the land. The application was rejected on March 16, 1903. The first payment was made on the land. Appellee settled on the land in good faith. On the same date that the above application was made appellee applied, as required by law, for the purchase of section 194½ for a home, making the necessary oath, giving the required obligation and making the first payment. The application was rejected on March 13, 1903. The land had been surveyed for the benefit of the public free schools of Texas, had been classified as dry grazing land, and appraised at $2 an acre. The land had been listed with the county clerk of Schleicher County on May 10, 1902, for sale. Appellant introduced in evidence the record of applications to purchase State school lands of Schleicher County in order to show that on May 9 and 16, 1902, he had made applications as required by law to purchase section 194½, and that on June 19, 1902, he applied to purchase section 192 as additional lands to section 162. The necessary obligations were executed, and in each application it was shown that appellant was the owner of section 162; that on June 27, 1899, section 162 had been sold to T. J. Coffman. The foregoing evidence was afterwards excluded when appellant offered in evidence a certified copy of the record of a deed to section 162 from Coffman to appellant, and the same was rejected because it was not an original deed and no affidavit of loss or destruction of the original had been made. Under the provisions of articles 4218f and 4218ff, any bona fide purchaser from the State of any land as an actual settler or any bona fide owner of and resident upon other lands within five miles, may purchase lands, not exceeding four sections, in addition thereto, and if he or his vendor has already resided on the home section for three years, or if he and his vendor together have resided for that length of time on the home section, a patent may issue for the additional lands at any time. As a basis for a purchase from the State appellant was bound to show that he or his vendor was the bona fide purchaser of a home section. In order to do this he introduced evidence that tended to prove that section 162, claimed by him as his home section, had been awarded and sold by the State to T. J. Coffman on June 27, 1899, and that Coffman had prior to July, 1902, occupied the land for three years. No patent was shown to have issued to Coffman. In order to connect himself with Coffman's title to section 162, appellant attempted to offer in evidence a certified copy of the record of a deed from Coffman to him-

self. This was rejected by the court and the other evidence hereinbefore set forth, which was introduced by appellant, was withdrawn from the jury by the court.

To justify the introduction of the certified copy of the deed to appellant it should have been filed among the papers of the cause and an affidavit made stating that the deed had been lost or that appellant could not procure the original. Sayles' Civ. Stats., art. 2312. No affidavit of loss was made by appellant, although it has been held that such affidavit could have been made at any time during the trial. Ross v. Kornrumpf, 64 Texas, 390.

If the deed had been admitted in evidence, we doubt that it could have availed appellant, for the reason that it did not appear from the excluded testimony that the applications were ever forwarded to the Commissioner of the General Land Office, or that the required oath accompanied the applications, or that the Land Commissioner ever acted on them.

It is the contention of appellant that the title to section 162 was not in issue, but when he claimed the land in controversy on the ground that he owned section 162 and on that ground had a right to purchase it from the State, it became an issue as to whether he owned the home section or not. To prove this essential fact he had no more right to invoke the aid of secondary evidence without complying with the statute than he would if the home section had been sued for. The rule of evidence enunciated in article 2312 applies to all cases where it is sought to use the certified copy of the record of any instrument of writing which is permitted or required by law to be recorded in the office of the county clerk.

Appellant introduced in evidence a lease contract between the State of Texas and Robert Bailey which showed that section 192 had been leased to Bailey for a term of ten years from April 19, 1898. If this lease contract was in existence at the time appellee applied for purchase of section 192 for a home it destroyed any claim that he might have, because it is specially provided in section 4, chapter 125, pages 294 and 295, Acts of Legislature of 1901, that lands theretofore leased in Schleicher and other counties should not be sold until the expiration of the leases. In order to meet the proof of the lease to Bailey, appellee put in evidence the original record of the memoranda of leases of Schleicher County which showed that the lease to Bailey was canceled on June 19, 1902, and also the notice from the Commissioner of the General Land Office showing that the lease had been canceled for nonpayment of interest and notifying the clerk to note it on his record. The record was objected to on the ground that the best evidence of the cancellation was a copy of the cancellation in writing given under the hand and seal of the Commissioner of the General Land Office. In section 4 of the law of 1901, above cited, it is provided that the county clerk shall record in a well bound book a memorandum or abstract of lease, showing the number of the survey leased, the name of the lessee,

the date of the lease and the number of years it has to run, and in section 5 of the same law it is provided that when a lessee shall fail to pay his annual rental within sixty days after it is due, the Commissioner of the General Land Office shall cancel the lease and immediately notify the county clerk of the county in which the land or a part thereof is situated of the cancellation and date when canceled, and the clerk shall note the date of cancellation on his lease record and the land shall be on the market for sale for sixty days after said cancellation. The record was admissible in evidence.

Bailey, the lessee, disclaimed any interest in the land, and it is clear that he had acquiesced in the cancellation and did not claim any rights given by the lease.

It was in evidence that the lands in controversy were placed on the market in May, 1902, and if this had not been shown when the cancellation of the lease was proved, the law above cited put the land on the market for sixty days, and while the law of 1901 is vague and indefinite on the subject, we understand from it that after the expiration of sixty days if the land is not purchased, the original lessee shall have the preference right for thirty days to again lease the land; but if he does not do so the land is on the market for sale. It follows that there was no issue as to the land being on the market, and it was unnecessary to present such matter to the jury.

It is provided in section 5 of the land law of 1901 above cited, that when land has been once classified and valued by the Land Commissioner, as the land in controversy was, on the expiration of a lease the land shall be on the market for sale without any further notice to the clerk of the county court. The land could be classified and appraised while the lease was in existence, and the moment the lease expired by time or cancellation the land was at once on the market.

If appellant had succeeded in getting his applications to purchase the lands before the jury, he would have completely nullified them by introducing in evidence a lease which was clearly in force when he applied to purchase the lands in May, 1902.

There was not a particle of testimony tending to show collusion on the part of appellee with anyone else to purchase the land, but on the other hand all of the testimony indicated a purchase in good faith by him, and the court had the right to assume in the charge that there was no collusion. Appellant while complaining of such assumption of fact does not point out wherein it was done in the charge, nor does an inspection of the charge disclose any such assumption. The same can be said of the claim that the court assumed that appellee had not purchased four sections of school or asylum lands since April, 1901, prior to making application to purchase the land in controversy. No such issue appeared in the case. Appellant swore that he had never before bought any school land.

The uncontradicted proof showed that section 192 adjoined section

194½, and was within the five-mile radius of the home section. The court had the right to assume the fact to be true in his charge.

Appellant complains that the judgment'is against him for all costs incurred in the suit and that this is error, because all costs incurred by reason of Bailey being made a party should be assessed against appellee. This may be true, but if appellant desired a retaxing of the costs he should have moved the trial court to retax them or at least have raised the question in some manner in that court. Castro v. Illies, 11 Texas, 39; Jones v. Ford, 60 Texas, 132; Wubusch v. Taylor, 64 Texas, 53; Allen v. Woodson, 60 Texas, 653; Bridges v. Samuelson, 73 Texas, 522.

Appellee showed a strict compliance with the law in his applications to purchase the land, and there was no testimony that tended to show a prior sale of the land to anyone else, and these facts having been adduced it followed that the Commissioner of the General Land Office should not have rejected the applications of appellee.

No question was raised in the motion for new trial as to the sufficiency of the testimony to sustain the verdict, and assignments attempting to raise that issue in this court will not be considered. Clarke v. Pearce, 80 Texas, 151; Telegraph Co. v. Mitchell, 89 Texas, 441.

There being no evidence whatever that the land in controversy was ever awarded and sold to appellant, there was no basis for that part of the judgment which cancels and sets aside such imaginary award and sale, and that portion of the judgment will be stricken out by this court.

With this emendation made, the judgment is affirmed.

*Affirmed.*

Writ of error refused.