## WALTER BOX CO. v. BLACKBURN et al.

(Court of Civil Appeals of Texas. Austin. March 12, 1913. On Motion for Rehearing, April 16, 1913. Rehearing Denied May 14, 1913.)

1. LANDLORD AND TENANT (§ 129*)—SPECULATIVE DAMAGES—BREACH OF LEASE.

In an action for damages for withholding possession of leased premises, plaintiff alleged, as a basis for its claim of damages for loss of profits while the building was withheld, that two years before it had rented a building and conducted a similar business therein, and that before making the present contract its president talked with many old customers who promised their patronage, and that the building was as well located as the building in which plaintiff had formerly done business, and that it would have realized a net profit of $700 during the time it was deprived of possession, and further alleged that after it got possession on July 6th it realized net profits in the sum of $1,500. *Held*, that the net profits which plaintiff would have made from the use of the building were too uncertain and speculative to be recovered; there being nothing to show with certainty that any profits would have been made and no certain basis for estimating the profits.

[Ed. Note.—For other cases, see Landlord and Tenant, Cent. Dig. §§ 450–457; Dec. Dig. § 129.*]

2. DAMAGES (§ 40*)—ITEMS OF DAMAGE—LOSS OF PROFITS.

Loss of profits from breach of a contract are recoverable where they can be shown with reasonable certainty.

[Ed. Note.—For other cases, see Damages, Cent. Dig. §§ 72–88; Dec. Dig. § 40.*]

3. DAMAGES (§ 40*)—LOSS OF PROFITS.

To be recoverable as an item of damage for breach of contract, net profits must not be speculative or dependent on chance, but must be sufficiently certain to be susceptible of proof.

[Ed. Note.—For other cases, see Damages, Cent. Dig. §§ 72–88; Dec. Dig. § 40.*]

4. LANDLORD AND TENANT (§ 129*)—BREACH OF CONTRACT — ITEMS RECOVERABLE — EXPENDITURES.

In an action for damages for withholding possession of leased premises, plaintiff could recover the amount it had paid its manager during the time it was kept from using the store, where it appeared that it employed him immediately after making the lease with defendants, and his services were reasonable and necessary, and defendants knew when the building was rented that the business would be conducted by employés.

[Ed. Note.—For other cases, see Landlord and Tenant, Cent. Dig. §§ 450–457; Dec. Dig. § 129.*]

5. APPEAL AND ERROR (§ 877*)—ASSIGNMENTS OF ERROR.

Appellant cannot assign error against a party defendant not made a party to the appeal.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 3560–3572; Dec. Dig. § 877.*]

6. APPEAL AND ERROR (§ 226*)—ASSIGNMENTS OF ERROR—BRIEFS.

Alleged error in rendering judgment for costs will not be reviewed, where appellant's brief does not show that the matter was called to the trial court's attention by motion to retax costs or otherwise.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 1324; Dec. Dig. § 226.*]

### On Motion for Rehearing and Motion to Dismiss Appeal.

7. APPEAL AND ERROR (§ 376*) — APPEAL BOND—PERSONS PAYABLE—"ADVERSE PARTY."

Plaintiff sued defendants as executors for breach of a contract to rent a store, possession of which was wrongfully withheld, and defendants interpleaded a hardware company, alleging that it had wrongfully withheld the building from them after the expiration of their rental contract, so that they were unable to give possession to plaintiff according to their contract, and prayed, in case of judgment against them, for recovery over against the hardware company. The hardware company made a defense similar to that of the executors, and judgment went against the executors and in their favor against the hardware company for a similar amount. Rev. St. 1895, art. 1400, requires the appellant or plaintiff in error to execute a bond with sureties payable to appellee or defendant in error, and article 1384 provides that the party taking an appeal is called the "appellant" and the adverse party the "appellee." *Held* that, since the executors were entitled to judgment over against the hardware company, that company was an "adverse party" to plaintiff appellant, so that the appeal bond should have also been made payable to it; an "adverse party" being every person interested in opposition to the modification or reversal of a judgment appealed from and every person interested in sustaining it (quoting 1 Words & Phrases, p. 224).

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 2011–2016; Dec. Dig. § 376.*]

8. APPEAL AND ERROR (§ 835*)—REHEARING—PRESENTATION ON ORIGINAL HEARING—JURISDICTIONAL QUESTIONS.

An objection to maintaining the appeal, because plaintiff's appeal bond was not made

payable to one of defendants who was an "adverse party" plaintiff, was jurisdictional, so that the question could be first raised on rehearing, though not raised in appellee's brief or on the original hearing.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 3241-3243; Dec. Dig. § 835.*]

Appeal from Williamson County Court; Richard Critz, Judge.

Action by the Walter Box Company against W. D. Blackburn and others in which defendant named and another sued for judgment over against the Hoch Hardware Company. From a judgment for plaintiff for a lesser amount than claimed, it appeals. Appeal dismissed on rehearing.

J. F. Taulbee and Jno. D. Hudson, both of Georgetown, for appellant. W. A. Barlow, of Taylor, for appellees.

RICE, J. This suit was brought by appellant against Wm. D. and Nathaniel T. Blackburn, as independent executors of the estate of Annie L. Blackburn, deceased, to recover damages in the sum of $957 on account of a breach of a rental contract, alleging that they had entered into a written contract with said parties, whereby they leased to it for a period of one year, beginning May 1, 1911, a certain storehouse for the purposes of conducting a mercantile business in the city of Taylor, and that possession was withheld from it of said building from the 1st of May, 1911, to the 6th day of July, 1911, during which time plaintiff sustained a net loss in profits to the amount of $700, together with $220 it was compelled to pay its manager, McKinzie, as well as $37 moneys expended by it for storage, drayage, and demurrage. The appellees answered by general demurrer, special exception, addressed to the claim for special damages on account of loss of profits, a general demurrer, and further that if they were liable at all the Hoch Hardware Company, a private corporation, was liable to them for a like amount, asking that said company be made a party, and for judgment over against it in the event that appellant recovered against them, and also for an offset against appellant for rents on said building, which had not been paid. The Hoch Hardware Company answered adopting the demurrers of appellees to plaintiff's petition and by general denial. There was a nonjury trial, resulting in a judgment in favor of appellant against appellees for $37 and interest thereon from May 1, 1911, to date of judgment, and in favor of appellees for a like amount against the Hoch Hardware Company, and in favor of appellees against appellant for $464 for rents from July 6, 1911, to May 1, 1912, adjudging costs equally against appellant and the Hoch Hardware Company, from which judgment appellant prosecutes this appeal alone against the appellees.

A special exception was sustained to that part of plaintiff's petition seeking to recover damages for loss of profits pending the time the building was withheld from plaintiff, on the ground that the damages claimed were uncertain and speculative, and therefore not recoverable. As a basis therefor, the petition set out facts showing that plaintiff, two years before it had rented the building, had conducted a similar business in the city of Taylor, and that, before making the present contract, its president had talked with many of his friends and old customers who had promised their patronage, and that the building so rented was as well located as the one in which appellant had formerly conducted its business, alleging that it would have realized a net profit of $700 during said time, if it had not been denied possession of said storehouse. It further alleged that, after plaintiff did get possession of said storeroom on the 6th of July, it realized net profits from its business between that time and the 6th of October in the sum of $1,500.

[1] We think this demurrer was properly sustained, for the reason that such profits were uncertain and speculative, and the facts pleaded did not warrant their recovery. It appears from the allegations of the petition that appellant had no established business at the time. There was nothing upon which to base an estimate of the profits that it would have made, nor is it certain that it would have made any profits. It is said in Fraser v. Echo Mining Co., 9 Tex. Civ. App. 210, 28 S. W. 714, that "damages in the nature of lost profits cannot be recovered for delay in furnishing material for a smelter, where it is not shown with certainty that the smelter could have been operated at a profit."

[2] Where the loss of profits can be shown with reasonable certainty, the rule seems to be that they are recoverable; but in the present case it does not appear that if plaintiff had conducted the business during said period of time it would have made any profits whatever. The uncertainty does not depend upon the difficulty of proof as to the exact amount of damages in such cases, but upon the determination of the fact as to whether or not there would have been any profits at all. In the present case it is entirely problematical as to whether appellant could have operated such business at a profit or loss for the period it was deprived of the building. It had no going or established business upon which to predicate such a claim for profits, as was the basis of recovery in American Const. Co. v. Caswell et al., 141 S. W. 1013. It is true that it alleges that two years before it had conducted a similar business as the one proposed in the same town, and it alleges that it had talked with and obtained assurances from former customers that they would again favor it with their patronage; but it is not alleged nor shown wheth-

er such former business was conducted at a loss or profit, nor does it appear from the petition that similar conditions existed as when such former business was conducted. It is true, it is alleged that for three months after it obtained possession of the building it made a profit, stating the amount; but this was at a different season of the year—during the fall—and, as a matter of common knowledge, business is much better then than at any other season.

[3] As said by the Supreme Court of Maryland in Lanaham v. Heaver, 79 Md. 421, 29 Atl. 1038: "The profits claimed must be free from speculation and must be sufficiently certain to be capable of adequate proof; they must not depend on the chances of trade, but upon the market value and other facts which are susceptible of definite proof."

In Fraser v. Mining Co. supra, among other things, it is said, quoting from United States v. Behan, 110 U. S. 344, 4 Sup. Ct. 81, 28 L. Ed. 168: "Damages may be so uncertain, contingent, or imaginary as to be incapable of adequate proof; and there they cannot be recovered, because they cannot be proved. But when it is certain that the damages have been caused by breach of contract, and the only uncertainty is as to the amount, there can rarely be good reason for refusing, on account of such uncertainty, any damages whatever for the breach." Further, the court, quoting with approval from Wakeman v. Manfg. Co., 101 N. Y. 209, 4 N. E. 264, 54 Am. Rep. 676, says: "The rule that damages which are uncertain or contingent cannot be recovered, does not embrace an uncertainty as to the value of the benefit or gain to be derived from the performance of the contract, but an uncertainty or contingency as to whether such gain or benefit would be derived at all."

See, also, the following cases: Graves v. Brownson, 120 S. W. 560–563; Alamo Mills Co. v. Hercules Iron Works, 1 Tex. Civ. App. 683, 22 S. W. 1097; Shropshire v. Adams, 40 Tex. Civ. App. 339, 89 S. W. 448; De La Zerda v. Korn, 25 Tex. Supp. 188–194; 13 Cyc. 36, par. E, Profits; 13 Cyc. 59.

[4] By its second assignment it is insisted that the court erred in refusing to render judgment for plaintiff for the sum of $220 for money paid to McKinzie, its manager, from May 1 to July 6, 1911, because the proof showed that plaintiff was entitled to recover for such amount. Plaintiff alleged and proved that it had paid McKinzie $220 as manager during the time that it was kept out of the use of the storeroom; that this amount was reasonable and necessary; that appellees at the time the building was rented knew that the business would be conducted by employés, as shown by their written contract. It was further shown that appellant employed McKinzie immediately after making the lease contract with appellees and ordered its goods, which arrived on the 1st of May; that McKinzie could not obtain other employment for the reason that he, from time to time, was promised the use of the building by appellees, and was continually expecting to get it. Appellant was therefore compelled to pay McKinzie under his contract, for which it received no benefit or return, and this was brought about by appellees' failure to furnish the building in accordance with their contract.

We sustain this assignment and hold that the court erred in not rendering judgment in behalf of appellant on this item in the sum of $220, with interest.

[5, 6] It is insisted that the court erred in rendering judgment against plaintiff for one-half of the costs in this case, and in not stating in the record the cause therefor, for the reason that the plaintiff, being the successful party, and there being no judgment rendered in favor of the defendant Hoch Hardware Company, no part of the costs should have been adjudged against the plaintiff. We overrule this assignment, because appellant did not make the Hoch Hardware Company a party to this appeal. Besides, it does not appear from appellant's brief that this matter was called to the attention of the court below, either by motion to retax the costs, or in any other way, without which it cannot be made the subject of review. See Valentine v. Sweatt, 34 Tex. Civ. App. 135, 78 S. W. 385; Hoskins v. Velasco Nat. Bank et al., 48 Tex. Civ. App. 246, 107 S. W. 598; De Cordova v. Rodgers, 67 S. W. 1042; Bridge v. Samuelson, 73 Tex. 522, 11 S. W. 539.

The remaining assignments have been considered and are regarded not well taken.

Believing that the court erred in not rendering judgment in favor of appellant for the sum of $220, as above indicated, its judgment is now here so reformed as to give judgment for appellant for said amount, which should be subtracted from the amount of the judgment recovered against it by appellees, leaving judgment to stand in favor of appellees for the sum of $244, with 6 per cent. interest thereon from the 25th day of April, 1912, and, as so reformed, the same will in all things be affirmed.

Reformed and affirmed.

### On Motion for Rehearing and Motion to Dismiss Appeal.

[7] Since rendition of the judgment reforming and affirming this case in favor of appellant, appellees William D. and Nathaniel T. Blackburn have filed two motions herein, one for rehearing, and the other to dismiss the appeal. If we grant the latter motion, it necessitates, of course, the granting of the former.

The motion to dismiss is predicated on the fact that the appeal bond is made payable only to W. D. and Nathaniel T. Blackburn, executors of the estate of Annie L. Blackburn, deceased, and was not also made payable to the Hoch Hardware Company, one of the

parties defendant in the court below, and whose interest it is claimed was adverse to that of appellant in said cause. Appellant brought suit against the Blackburns as independent executors of the estate of Annie L. Blackburn, deceased, to recover damages on account of the breach of a rental contract for a certain storehouse, the possession of which, it was alleged, was withheld from it by appellees, whereby appellant claims to have been damaged on account of loss of profits, and for money it was compelled to pay its manager, as well as sundry other items of expense. The Blackburns interpleaded the Hoch Hardware Company, alleging that said last-named company had unlawfully and wrongfully withheld from them said building after the expiration of their rental contract, for which reason they were unable to give possession thereof to appellant, in accordance with their contract, and praying that, in the event any judgment should be rendered in favor of appellant as against them, they recover a like amount against said Hoch Hardware Company. The Hoch Hardware Company answered, making a similar defense to appellant's action as was made by the Blackburns. The trial resulted in a judgment in favor of appellant against the Blackburns for $37, and in favor of appellees for a similar amount against the Hoch Hardware Company. There was also a judgment in favor of appellant against the Blackburns for $220, but no judgment against the Hoch Hardware Company for said last-named amount.

It will be seen, therefore, that it was as much to the interest of the Hoch Hardware Company to defeat appellant's claim as it was to the interest of the Blackburns to do so; it is true, however, that it was only a conditional liability. If the Hoch Hardware Company was an adverse party to appellant, then it became necessary for appellant, in order to perfect its appeal, to make the appeal bond payable, not only to the Blackburns, but to that company as well, and a failure so to do would be fatal to its right of appeal.

The party taking an appeal is called the "appellant," and the adverse party is called the "appellee." See article 1384, R. S. 1895. By article 1400, Id., the appellant, or plaintiff in error, as the case may be, is required to execute a bond, with two or more good and sufficient sureties, to be approved by the clerk, payable to the appellee or defendant in error, etc., in a sum at least double the amount of the costs of suit, etc.

In 1 Words & Phrases, p. 224, it is said: "An adverse party entitled to notice of appeal is every party whose interest in relation to the judgment and decree appealed from is in conflict with the modification or reversal sought by the appeal; every party interested in sustaining the judgment or decree"—citing a long line of cases in support thereof. Again, it is said in the same volume, same page: "Every party whose interest in the subject-matter of an appeal is adverse to and will be affected by the reversal or modification of the judgment or order from which the appeal has been taken is an 'adverse party' and entitled to notice of appeal, irrespective of the question whether such party appears on the face of the record in the attitude of plaintiff, defendant, or intervener"—citing cases.

In Millikin v. Houghton, 75 Cal. 539, 17 Pac. 641, it is said that "notice of appeal by one of several codefendants should be served, not only on the plaintiff, but also on the nonappealing codefendants; they having an interest in the judgment to be affected by a reversal."

In Seattle Trust Co. v. Pitner, 17 Wash. 365, 49 Pac. 505, it is held that a garnishee is an adverse party on an appeal by a plaintiff from a judgment declaring defendant in the principal action not indebted. This was on the ground, of course, that in the event the judgment was set aside against the principal defendant the garnishee on another trial might be held liable, provided judgment should go in the second case against the principal defendant. It is also said in Commercial Nat. Bank v. U. S. Savings, Loan & Bldg. Co., 13 Utah, 189, 44 Pac. 1043, that: "The term 'adverse party' means every person whose interests require that the order, judgment, or decree appealed from be sustained, and if such party must be served with notice of appeal. This is so regardless of whether he appeared as one of the original parties to the action or was brought in by order of the court. * * * A person who has once appeared in an action is a necessary party to the appeal, unless, after his appearance, he has ceased to have an interest in such action." See, also, Moody v. Miller, 24 Or. 179, 33 Pac. 402; Kosminsky v. Hamburger Bros. & Co., 20 Tex. Civ. App. 291, 48 S. W. 1107; Smith & Williams v. Parks, 55 Tex. 82; Young v. Russell, 60 Tex. 684.

[8] This matter was not called to our attention by counsel for appellees, either in the brief or on the hearing; but, the question being jurisdictional, it is never too late to present it. Young v. Russell, supra. In Kosminsky v. Hamburger Bros., supra, Mr. Chief Justice Key, then Associate Justice, delivering the opinion, said: "If a party to a suit is, upon appeal, adversely interested to the party appealing, such party must be made an obligee in the appeal bond, whether he be plaintiff, defendant, or intervener in the trial court. In this case, judgment might have been rendered against the defendant Gus Less for the costs, as well as for the debt owing to Hamburger Bros. & Co., and as judgment was not so rendered, but was rendered against appellant Kosminsky for the costs, it is to Less' interest that the question of costs should not be reopened, and he is adversely interested to Kosminsky to the extent of the costs in the court below. It fol-

lows therefore that the bond should have been made payable to him, as well as to Hamburger Bros. & Co., and on account of this fatal defect, the motion to dismiss the appeal must be sustained."

So in the present case, under the pleadings and evidence, whatever judgment might properly be rendered in favor of appellants against the Blackburns, the Blackburns were entitled to judgment over against the Hoch Hardware Company for like amount; for which reason said company was materially interested in the cause of action asserted by appellant against appellees, thereby becoming an adverse party to appellant in said cause of action, notwithstanding it may not be regarded technically as such. See Senter v. De Bernal, 38 Cal. 637.

Believing that the motion to dismiss the appeal is well taken, it is therefore necessary, irrespective of the merits of the motion for rehearing, to grant same, and dismiss the appeal, which is accordingly done.

Motions for rehearing and to dismiss appeal granted.