**AUSTIN et al. v. FIRST STATE BANK & TRUST CO. (No. 81.)**

(Court of Civil Appeals of Texas. Waco. March 13, 1924. Rehearing Denied April 10, 1924.)

Appeal and error ⟾336(1)—Writ of error dismissed for failure to join necessary parties.

Under Rev. St. arts. 2088–2097, motion to dismiss writ of error for failure to join, either as plaintiffs or defendants in error, parties defendant adversely interested in the judgment sought to be reviewed, will be granted.

Error from District Court, McLennan County; H. M. Richey, Judge.

Action by the First State Bank & Trust Company against Mattie Austin and others. Judgment for plaintiff, and certain defendants bring error. On motion to dismiss writ. Motion granted.

J. E. Yeager, of Waco, for plaintiffs in error.

F. M. Fitzpatrick and E. C. Canon, both of Waco, for defendant in error.

BARCUS, J. The defendant in error, First State Bank & Trust Company, has filed several motions in this court—one for cer-

tiorari to perfect the record to show that certain defendants below, who are minors, and P. J. Brown, against whom judgment by default was rendered, were actually served with citation, and has attached certified copies of the citations, showing proper service on said defendants. Plaintiffs in error admit the certified copies are correct, and that the parties named were served, and that the court can consider same as part of the transcript in the case. The motion for certiorari is therefore granted, and the certified copies of the citations attached to said motion will be considered as per said agreement as part of the transcript in this cause.

The defendant in error bank has filed two motions to dismiss the writ of error, assigning a number of reasons therefor. In view of our disposition of the case, it is only necessary to discuss one ground—namely, because James Hicks, Fannie Austin Hicks, Frank Solon, P. J. Brown, and O. K. Snell, who were parties defendant in the trial court, are not made parties either as plaintiffs or defendants in error. The petition for writ of error does not mention said parties, and the bond is not payable to James Hicks or Fannie Austin Hicks. The suit was filed by the bank against all the defendants on some vendor lien notes, asking for a foreclosure of the vendor's lien.

The plaintiffs in error Isaac Austin and the other children of D. A. Austin, deceased, part of the defendants below, filed a cross-action against plaintiff and their codefendants Mattie Austin, Fannie Austin Hicks, and her husband, James Hicks, and the other children of Mattie Austin, and against P. J. Brown, Frank Solon, and O. K. Snell, asking that the title to the land be vested in them as children of D. A. Austin as against said named parties. The trial resulted in a judgment denying the relief sought by Isaac Austin and the other children of D. A. Austin, and judgment was rendered that Mattie Austin and her children recover the residue of the property after the bank's debt was made, and that the children of D. A. Austin recover nothing either as against plaintiff or Fannie Hicks and her husband, James Hicks, or any of the defendants named in their cross-action.

Under the record in this case, Fannie Austin Hicks and James Hicks are necessary parties to this appeal, having adverse interests to the plaintiffs in error Isaac Austin and the other children of D. A. Austin. Articles 2088 to 2097, Revised Statutes; Weems v. Watson, 91 Tex. 35, 40 S. W. 722; Adams v. Evans (Tex. Civ. App.) 245 S. W. 450; Kosminsky v. Hamburger, 20 Tex. Civ. App. 291, 48 S. W. 1107.

The motion to dismiss the writ of error is granted.