## FILES et al. v. BUIE et al.
### No. 1818.

Court of Civil Appeals of Texas. Waco.
Oct. 3, 1935.

Rehearing Denied Feb. 24, 1938.

Will M. Martin and Morrow & Calvert, all of Hillsboro, for plaintiffs in error.

John Abney and Andrew J. Bryan, Jr., both of Hillsboro, for defendants in error.

ALEXANDER, Justice.

Mrs. Dellah Buie was appointed guardian of the estate of Mrs. S. V. E. Covert, a non compos mentis. Later the ward died and the guardian filed her final account in the probate court. Numerous parties who claimed to be interested in the estate of the deceased ward contested said account. The probate court, in approving the final account, approved claims in favor of the guardian for a total sum of $8,628. Upon appeal to the district court, the amount of the guardian's claims was reduced to $4,610.41, and that court awarded all cost against the estate of the deceased ward. Tom Files and ten others constituting some of those who contested the guardian's claim in the trial court, being dissatisfied with the judgment, undertook to remove the cause to this court by petition for writ of error. Jesse Munchus, Mrs. Dovie Scott Galbraith, J. O. Galbraith, Mrs. Susie Scott Lott, J. T. Lott, Bob Scott, and Ralph Scott, who also contested the guardian's claim in the district court, were not named as either plaintiffs or defendants in the petition for writ of error. The record does not affirmatively show how these parties were interested in the estate of the deceased, but it does show that they were permitted to contest the guardian's claim in the lower court under an allegation that they were interested in said estate. Mrs. Buie and her husband, the only parties named as defendants in error, have filed in this court a motion to dismiss the writ of error proceedings because the said Jesse Munchus and the remainder of the contestants in the trial court were not made parties to the writ of error proceedings.

The statute provides that a petition for writ of error shall state the names of all parties adversely interested. Revised Statutes, art. 2257. All parties whose interest may be materially affected by a reversal or modification of the judgment attempted to be reviewed on appeal and who do not join in the petition for writ of error are adversely interested and must be joined as defendants in error in order to confer jurisdiction upon the appellate court. 3 Tex.Jur. 162.

As before stated, the district court materially reduced the amount to be allowed the guardian on her claim against the estate of the deceased ward. Jesse Munchus and the other contestants who did not join in the petition for writ of error were apparently satisfied with that judgment. If the plaintiffs in error succeed in having the judgment appealed

from reversed and remanded to the lower court, as they are attempting to do, the entire matter will be reopened and the guardian will then have an opportunity to have her claim against said estate allowed in full. Moreover, the contestants may be cast for the costs upon another trial. Therefore, those contestants who did not join in the petition for writ of error may be materially affected by a reversal of the judgment sought to be reviewed. Consequently, in order to confer jurisdiction on this court, it was necessary that said contestants be named either as plaintiffs or defendants in the petition for writ of error. Young v. Russell, 60 Tex. 684; Pryor v. Krause, Tex.Civ.App., 150 S.W. 972; Barnard v. Tarleton, 57 Tex. 402; Reilly v. Hanagan, Tex.Civ.App., 225 S.W. 797; Kosminsky v. Hamburger, 20 Tex.Civ.App. 291, 48 S.W. 1107.

For the reasons above stated, it becomes our duty to dismiss the writ of error proceedings, and it is so ordered.